Maggie **TAYLOR**, a widow, et al., Appellants,

v.

**ALLIED VAN LINES, INC.**, et al., Appellees.

No. 7.

Court of Civil Appeals of Texas.

Tyler.

Jan. 16, 1964.

Allen Melton, Dallas, for appellants.

Lawrence Beason, Coke & Coke, Wm. E. Livingstone, III, Phinney, Hallman & Pulley, Dallas, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from a temporary injunction granted appellees in the Trial Court below. The injunction was granted on April 1, 1963.

Appellee First National Bank in Dallas, a creditor of Continental Transfer & Storage Co., Inc. for several years prior to and on April 28, 1960, filed a lawsuit in the 160th Judicial District Court of Dallas County, Texas on March 2, 1962 naming Continental Transfer & Storage Co., Inc. and R. L. Taylor, individually, as defendants. Defendants in that lawsuit had executed an installment note which was in default. As a result of this action, a default judgment was entered on January 8, 1963 in favor of First National Bank in Dallas and against Continental Transfer & Storage Co., Inc. and R. L. Taylor, individually. An abstract of this judgment was duly prepared and filed of record January 21, 1963. Upon request by First Na-

tional Bank in Dallas, execution was delivered to the Sheriff of Dallas County, Texas on February 22, 1963. The Sheriff levied on certain Railroad Commission Franchise Right Certificates belonging to Continental Transfer & Storage Co., Inc. under Commission Certificates numbered 8322, 8796, 8546, 8361, 8358, 8391, 15165 and 9085. Notices were duly posted and public sale held by the Sheriff at the Courthouse steps in Dallas County, Texas at 2:00 p. m., March 12, 1963. At this sale, appellee Allied Van Lines, Inc. was the high bidder in competitive bidding for all of Continental's and R. L. Taylor's interest in said certificates. The Sheriff executed his bill of sale to appellee Allied Van Lines, Inc.

Continental Transfer & Storage Co., Inc., through its president, R. L. Taylor, executed a note on April 12, 1960 in the principal sum of $31,162.88, payable on demand. The note was made payable to Mrs. Maggie Taylor (R. L. Taylor's mother), Golda B. Taylor (R. L. Taylor's wife), and R. L. Taylor. Simultaneous with this action, Continental Transfer & Storage Co., Inc. by and through R. L. Taylor as its president executed a chattel mortgage as security for said note on the Railroad Commission certificates stated above, as well as certain certificates issued from the Interstate Commerce Commission to Continental Transfer & Storage Co., Inc. This chattel mortgage was filed for record July 11, 1960. On January 7, 1963, which was one day prior to the default judgment by the bank, Maggie Taylor, R. L. Taylor, and Golda B. Taylor filed a suit on the note against Continental Transfer & Storage Co., Inc. and Trans World Van Lines, Inc. This suit, filed in the 101st Judicial District Court of Dallas County as Cause No. 74000–E, sought foreclosure of the purported chattel mortgage and extinguishment of an alleged second lien given to Trans World Van Lines, Inc. on the Interstate Commerce Commission certificates. Service was perfected on Continental Transfer & Storage Co., Inc. by serving its president, R. L. Taylor, at 3909 Elm Street and service

was further perfected on defendant Trans World Van Lines, Inc. by serving its president, Maggie Taylor, at 3909 Elm Street. Neither defendant in this particular suit answered and on February 4, 1963, attorneys for plaintiffs procured the signature of the Honorable F. B. Davenport of the 116th Judicial District Court sitting for the 101st Judicial District Court on a default judgment purporting to establish plaintiffs' lien as superior to all others and allegedly extinguishing a second lien on certain Interstate Commerce Commission authority in favor of defendant Trans World Van Lines, Inc. without any sale provision contingent thereto.

On March 12, 1963, R. L. Taylor and Maggie Taylor requested order of sale under their default judgment and this was delivered to Sheriff Bill Decker at 2:57 p. m. on March 12, 1963. This was the same date on which the sale under First National Bank execution was had and the certificates were sold to appellee Allied Van Lines, Inc. shortly after 2:00 p. m. Pursuant to the order of sale requested by the Taylors, Sheriff Decker posted notices of sale again on the Railroad Commission certificates for sale Monday March 25, 1963. The appellees obtained a restraining order and then a temporary injunction restraining this particular sale that was to have been held on March 25, 1963 and it is from the order granting the temporary injunction that this appeal has been perfected. In connection with the temporary injunction, the instant lawsuit was filed by appellees against appellants on March 22, 1963 in the 101st Judicial District Court of Dallas County, Texas attacking the validity of the note, chattel mortgage and subsequent default judgment rendered thereon under the provisions of Article 3996, T.R.C.S., Vernon's Ann.Civ.St., which states:

"Every gift, conveyance, assignment, or transfer of, or charge upon, any estate real or personal, every suit commenced, or decree, judgment or execution suffered or obtained and every bond or other writing given with intent

to delay, hinder or defraud creditors, purchasers, or other persons of or from what they are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This article shall not affect the title of a purchaser, or valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

Appellees also seek the setting aside of the note and chattel mortgage because there was no consideration for execution of the note and mortgage which form the basis for the subsequent default judgment. In the alternative, appellees seek a setting aside of the judgment on the grounds of fraud on the Court itself. Pending a trial on the merits of this lawsuit, appellees sought their restraining order which was granted by Judge Dallas Blankenship on March 25, 1963. No bond was required in the fiat executed March 25, 1963 and, therefore, a new fiat and restraining order were issued March 26, 1963 requiring a bond of $7,000.00 which was filed. Under the last sentence of Article 3996, T.R.C.S., as quoted above, it was appellees' position in seeking an injunction to stop the satisfaction of appellants' judgment by selling these particular certificates, that a purchaser at the sale might sustain the theory of equities created under a bona fide purchase not subject to any fraud or invalidity appellees might prove in their lawsuit against appellants attacking the note, mortgage and the subsequent default judgment. Hearing on the application for temporary injunction was held on April 1, 1963 and the Honorable Judge Penn Jackson, sitting for the judge of the 101st Judicial District Court, after full hearing and consideration, granted the application.

Appellants perfected their appeal from the temporary injunction order and this order is before this court for review.

The pleadings and other evidence before the Trial Court reflects that R. L. Taylor and wife, Golda B. Taylor, are officers in the Continental Transfer & Storage Co., Inc., R. L. Taylor being president, and Maggie Taylor, mother of R. L. Taylor, is president of Trans World Van Lines, Inc.

The appellants have ignored the requirements in Rule 421 of Texas Rules of Civil Procedure, which provide "Every brief shall contain at the front thereof a subject index with page references where the discussion of the points relied upon may be found. It shall also contain a list of the authorities alphabetically arranged, together with the references to the pages of the brief where they are cited. * * *"

The appellants contended in the Trial Court and so contend in this court that the appellees failed to properly plead and prove that the note and mortgage executed by Continental Transfer & Storage Co., Inc. in favor of appellants on April 12, 1960 was procured by fraud; that the appellees failed to properly plead and prove that there was a failure of consideration or lack of consideration for the note executed by Continental Transfer & Storage Co., Inc. in favor of appellants on April 12, 1960; that appellees' pleadings are inadequate to properly support the relief granted by the Trial Court below and that appellee, First National Bank, is guilty of laches and has failed to use diligence in pursuing recovery against Continental Transfer & Storage Company.

The Trial Court had jurisdiction of the subject matter pending a final hearing of the cause, and the Trial Court in the exercise of its power had the authority to issue a temporary injunction, as was done.

■ The granting or refusing of a temporary injunction is a matter that rests within the sound discretion of the Trial Court, and unless it appears from the record that the court has abused that discretion, the action of the court is not subject to

review on appeal. If the petition does allege a cause of action and evidence tending to sustain such cause of action is introduced, then there is no abuse of discretion by the Trial Court in issuing the temporary injunction. Southwestern Greyhound Lines v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Railroad Commission, et al. v. Shell Oil Company, Inc., et al., 146 Tex. 286, 206 S.W.2d 235.

The case at bar meets this test. The pleadings and other evidence before the Trial Court was sufficient to support the granting of the temporary injunction.

The appellants in their brief have cited the Supreme Court case of Camp, et al. v. Shannon, 348 S.W.2d 517, written by Chief Justice Calvert. Judge Calvert said: "The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending the final trial of the case on its merits. James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 960. A trial judge therefore has broad discretion to grant or to deny a writ when the pleadings and the evidence show a probable right of recovery in the applicant and a probable injury to him if the writ is not granted. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549. A necessary corollary of that rule is that a trial judge abuses his discretion if he grants a writ when the evidence fails to furnish any reasonable basis for concluding that the applicant has a probable right of recovery. To furnish a reasonable basis for the conclusion the evidence need not establish that the applicant will finally prevail in the litigation, Transport Co. of Texas v. Robertson Transports, supra, but it must, at the very least, tend to support a right of recovery. Southwestern Greyhound Lines, Inc. v. Railroad Commission," supra.

Appellants contend that the evidence in the case before this court does not meet the requirements of Camp v. Shannon, supra. We think it does.

To preserve the subject matter of a litigation and the status quo thereof, which was the object of this suit, that is, to prevent the sale of the certificates involved in this litigation, the court did not abuse its discretion in granting the temporary injunction herein complained of.

The court in its order of March 26, 1963 granting appellees' application for temporary restraining order required appellees to execute a bond in the sum of $7,000.00. The Trial Court in its order of April 1, 1963 granting temporary injunction ordered the bond on file in support of plaintiffs' temporary restraining order be continued in full force and effect in support of the temporary injunction. Appellee, Allied Van Lines, Inc., purchased the certificates in dispute in this lawsuit for the sum of $6,500.00. The judgment obtained by the appellants in their suit against Continental Transfer & Storage Co., Inc., and Trans World Van Lines, Inc., was for the total sum of $40,070.99.

By an additional point of error, it is claimed that the Trial Court erred in failing to require appellees to post a bond in excess of $40,070.99, which is the amount of the judgment owned by appellants, plus the reasonable amount to cover interest and cost, required by the provisions of Rule 684, T.R.C.P. The Rule reads in part as follows:

"If the injunction be applied for to restrain * * * the collection of a debt, the bond shall be fixed in the amount of such * * * debt, plus a reasonable amount to cover interest and costs."

We overrule this contention. Appellees do not seek under their injunction and the order does not provide for a restraint against collection of the debt by any number of means or by general execution under appellants' judgment. We do not think Rule

684 has application. Lee v. Howard Broadcasting Corp., Tex.Civ.App., 305 S.W.2d 629; Manes v. Bletsch, Tex.Civ.App., 239 S.W. 307; Hicks v. Murphy, Tex.Civ.App., 151 S.W. 845; Pacheco v. Allala, Tex.Civ. App., 261 S.W. 148.

Each of appellants' points of error are overruled. The judgment of the Trial Court is affirmed.