J. L. REESE et al., Appellants,

v.

WALLACE ENTERPRISES, INC., Appellee.

No. 33.

Court of Civil Appeals of Texas.

Tyler.

March 5, 1964.

Rehearing Denied March 26, 1964.

————◆————

Robert W. Simmer and Sam L. Sterrett, Jr., Houston, Nat Patton, Jr., Crockett, B. R. Reeves, Palestine, for appellants.

F. P. Granberry, Adams & Granberry, Crockett, for appellee.

SELLERS, Justice.

This is an appeal from an order of the District Court granting Appellee, Wallace Enterprises, a corporation, a temporary injunction against the Appellants, J. L. Reese, Charles Aronstein, and R. W. Simmer, Trustee, from which judgment the appellants have duly prosecuted this appeal.

For the nature of the appellee's suit in the trial court, we quote from their second amended original petition, as follows:

"That on or about the 9th day of November, 1962, Defendants J. L. Reese and Charles Aronstein executed and delivered to Plaintiff an assignment and conveyance of certain mineral interests, royalties and overriding royalty interests on lands situated in Houston County, Texas, all as more fully described in that certain assignment executed by the parties aforesaid, together with all exhibits attached thereto, which has been duly and legally filed in the Deed Records of Houston Count*h*, Texas and now of record in Book 378 at page 517 of the Deed Records of Houston County, Texas, to which instrument and the record thereof reference is made for all purposes, the same being *to* voluminous to copy in full herein.

"As consideration for the conveyance to the Plaintiff described above, Plaintiff paid to Defendants a total sum of Fifty Thousand Dollars ($50,000.00) cash. As further consideration, Plaintiff executed and delivered to Defendant J. L. Reese its promissory note dated November 9, 1962, payable to the order of the said J. L. Reese in the principal amount of Two Hundred Eighty-two Thousand One Hundred Eighty-two and 24/100 Dollars ($282,-182.24), bearing interest at the rate of four per cent (4%) per annum from date, payable in two installments, the first of said installments to be in the principal sum of One Hundred Twenty-six Thousand Nine Hundred Thirty-two and 24/100 Dollars ($126,932.24), being due and payable on or before the 15th day of February, 1963, together with accrued interest thereon, and the second of said installments to be in the principal amount of One Hundred Fifty-five Thousand Two Hundred Fifty and no/100 Dollars ($155,250.00), together with accrued interest, said second installment being due and payable on or before the 15th day of July, 1963.

"As a further consideration for the conveyance to Plaintiff described above, Plaintiff executed an additional promissory note dated November 9, 1962, payable to the order of Defendant Charles Aronstein in the principal amount of Twenty-nine Thousand Three Hundred Seventeen and 76/100 Dollars ($29,317.76), bearing interest thereon at the rate of four per cent (4%) per annum from date, both prin-

cipal and interest being due and payable on or before February 15, 1963.

"The payment of each of said notes was secured by Deeds of Trust executed by the Plaintiff, as grantor, on or about the 9th day of November, 1962, to Defendant R. W. Simmer, Trustee. Each of said Deeds of Trust described above is on file and of record in Houston County, Texas, to which reference is here made for all purposes.

"As an inducement to the Plaintiff to purchase the mineral and royalty interests described above, the Defendants J. L. Reese and Charles Aronstein made certain representations of fact to Edward Gregg Wallace, Jr., president of the Plaintiff corporation, upon which Plaintiff relied and with out which Plaintiff would not have purchased interests described above. Such representations were made to Plaintiff by Defendants, J. L. Reese and Aronstein immediately prior to the execution and delivery by Plaintiff of the notes described above and consisted of the following: That the I. E. Doan Well No. 1 in the H. A. Johnson Survey, A–477, and the W. T. Bruton Well No. 1 in the B. Morris Survey, A–710, in Houston County, both operated by John Pace would be reworked whereby production would be enormously increased and also that both of said wells and other acreage in said assignment would be placed in the first field-wide pressure maintenance unit. That in each instance the representations have failed to be true and as a result Plaintiff has sustained damage in that over 1072 acres of the interests conveyed is not as productive as represented by Defendants aforesaid to the Plaintiff. Said representations by Defendants aforesaid were material and have proved to be false as stated above and were relied upon the *the* Plaintiff at the time they were made to its detriment. * * *

"* * *

"Due to the discovery by Plaintiff of the misrepresentations on the part of the Defendants aforesaid Plaintiff failed to make the payments described in the promissory notes on the 15th day of February 1963, and thereafter, on the 21st day of February, 1963, Defendants made demand upon Plaintiff for such payments, and have subsequent to such demand instituted foreclosure proceedings upon the deeds of trust given to secure the payment of the promissory notes, and Plaintiff here alleges that Defendants intend to foreclose the above mentioned Deed of Trust liens and the Trustee named in such Deeds of Trust has, on the 9th day of September, 1963, posted Notices of sale stating that he will on October 1, 1963, within hours prescribed by law sell the properties therein described and Plaintiff says that unless restricted and enjoined by this Court as hereinafter prayed said Trustee will sell such property.

"Plaintiff has no adequate remedy at law in that unless restrained and enjoined as aforesaid, Defendants could conveivably convey the interests involved herein to some third party without notice of the claims of Plaintiff. * * *"

The petition closes with a prayer for a cancellation of the notes and deeds of trust and prays that the Appellant Simmer, Trustee, be temporarily restrained and enjoined pending hearing thereon and that on hearing hereon be temporarily enjoined from taking any further action towards the exercise of the power of sale contained in the above-mentioned deeds of trust and from selling the property described in the said deeds of trust under such powers, and that Appellants J. L. Reese and Charles Aronstein be temporarily enjoined and restrained pending hearing thereon and that on hearing they and each of them be temporarily enjoined from in any manner selling and conveying the above-mentioned notes and liens securing same to any person

and that the trial court set down a time and place for the hearing of appellee's application for temporary injunction; but it is pointed out that appellee does not seek any injunctive relief which would prevent the appellants from seeking a judicial foreclosure of the above-mentioned notes. The petition of appellee was duly verified.

Appellants filed their first amended original answer, and in their very first paragraph deny the representation as alleged in the petition of the appellee. In their second paragraph, they allege specifically that the transaction was made after due negotiations between the parties. In paragraph 3 of their petition, they allege that Aronstein was not at any time agent for Reese. In paragraph 4 of the petition, they deny allegations that Reese served as an agent. In paragraph 5 of the appellants' answer, by way of affirmative defense, it is set out that appellee conveyed the property which is in dispute in the lawsuit, and for this reason they could not rely upon a rescission of the instruments complained of. In paragraph 6 of their answer, the appellants plead an offer to compromise between the parties; and by virtue of the negotiations for the compromise, the appellee waived any fraud alleged by it and thereby ratified, affirmed and adopted the original assignment and conveyance from J. L. Reese and Charles Aronstein as valid. In paragraph 7 of appellants' answer, they allege the notes and deeds of trust securing the same had been assigned to Fannin Bank of Houston, Texas, and that the bank was a necessary party to the suit. Wherefore they pray that the temporary injunction prayed for by appellee in its second amended original petition be denied.

Upon a hearing before the court for the temporary injunction, the court, on the 20th day of September, 1963, rendered its order granting the temporary injunction after a full hearing in which many witnesses testified; and after considering all the evidence and the verified petitions, granted the temporary injunction, for the reason that the court was of the opinion that appellee's second amended original petition alleges a cause of action and that the evidence shows that appellee has a probable right for the relief sought by its second original amended petition; and that should appellants Reese and Aronstein sell and convey to some other person the notes and liens mentioned in appellee's second amended original petition, or should R. W. Simmer, Trustee, or any substitute trustee who may have been appointed, take any further action for the exercising of the powers of sale contained in the deeds of trust executed by Wallace Enterprises, Inc., securing the payment of the notes described in appellee's second amended original petition, appellee would suffer irreparable injury for which there is no adequate remedy at law.

The court then proceeds to enjoin the appellants from selling and conveying to any person the notes and liens mentioned in appellee's second amended original petition, and restraining and enjoining the Appellant Simmer, Trustee, or any substitute trustee who may have been appointed, from taking any further action for the exercising of the powers of sale contained in the deeds of trust executed by Wallace Enterprises, Inc., securing payment of the notes described in appellee's second amended original petition, *but such writ of injunction shall expressly state that none of the appellants are restrained from seeking to enforce the payment of said notes by any other means other than the exercising of the powers of sale contained in the above-mentioned deeds of trust.* (Emphasis supplied)

The order further requires of the appellee a bond in the sum of $75,000.00 for the issuance of said injunction.

It seems to be now well settled by the authorities that the only issue on an appeal for an interlocutory order for a temporary injunction is whether or not the court abused its discretion in granting the same. Taylor, et al. v. Allied Van Lines, Inc., et al., Tex.Civ.App., 374 S.W.2d 682. In this case, Chief Justice Dunagan, of this court, has discussed the above question

at length and cites many authorities supporting the above conclusion. As held in the above case, the real purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending the final trial of the case on the merits.

The record in this case reflects, without contradiction, that the trial court set a hearing upon the application for a temporary injunction; that all parties appeared and offered evidence upon the issues; and after the argument of counsel, the trial court granted the temporary injunction sought by the appellee, to which judgment the appellants excepted and have prosecuted this appeal to this court.

■ Since this is an appeal from a hearing on appellee's application for a temporary injunction before the judge of the trial court, no decision on the merits was made nor could be made. James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959.

■■ The appellee, in its petition, seeks a rescission of the sale to it and the cancellation of the deeds and notes, as well as the deeds of trust securing the notes on the alleged ground of fraud. At the time its suit was brought, the appellants were in the process of selling the property under the power contained in the deeds of trust and thereby placing the title in some third party who could have been an innocent purchaser. It is our opinion, to prevent this, the trial court was justified in granting the temporary injunction and restraining the sale until the cause could be tried on the merits. Lee v. Howard Broadcasting Corp., Tex.Civ.App., 305 S.W.2d 629. This case likewise settles the point made on appeal that the bond of $75,000.00 was insufficient, since it did not comply with Rule 684, Texas Rules of Civil Procedure, which rule is, in part, as follows:

"If the injunction be applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed in the amount of such judgment or debt, plus a reason-

able amount to cover interest and costs. * * * "

When the order granting the temporary injunction and the writ itself is examined, it will be obvious that the same only enjoins the exercise of the power of sale contained in the deeds of trust and does not enjoin the collection of debt; therefore, this rule has no application. The bond is believed to be ample to protect the appellants against loss.

We have examined the many points of law brought forward in the brief of appellants and find that they raise issues to be determined on a trial of the case on the merits. The cases cited in appellants' brief in support of the points relied upon by the appellants are from cases involving a final judgment and not from an appeal from an interlocutory order granting a temporary injunction.

The judgment of the trial court is affirmed.