R. E. (Bob) BAILEY, in his capacity as Sheriff, et al., Appellants,

v.

Habous NACIM, Appellee.

No. 5714.

Court of Civil Appeals of Texas.

El Paso.

Jan. 20, 1965.

Rehearing Denied Feb. 10, 1965.

Gerald B. Shifrin, Jack Fant, County Atty., El Paso, for appellants.

Mitchell Esper, El Paso, for appellee.

PRESLAR, Justice.

This is an appeal from a temporary injunction order against the appellants by

which they are restrained and enjoined from proceeding with an execution sale of certain property of appellee to satisfy a money judgment.

Appellant American Finance and Investment Company placed an $11,829.92 judgment (which it had previously obtained against appellee) in the hands of R. E. (Bob) Bailey, Sheriff of El Paso County, for execution and the Sheriff levied on the property of appellee and advertised such property for sale under execution. Appellee brought suit to enjoin the sale for the alleged reason that the property was exempt from forced sale as her homestead. In granting the temporary injunction, the injunction bond required and given was in the sum of $1,000.00.

Appellants contend that the injunction is to restrain the execution of a money judgment or the collection of a debt within the meaning of Rule 684, Texas Rules of Civil Procedure, and that the $1,000.00 bond is insufficient to support the injunction, which is therefore void. The pertinent part of Rule 684 provides:

"* * * If the injunction be applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed in the amount of such judgment or debt, plus a reasonable amount to cover interest and costs."

This allegation of insufficiency of the injunction bond is the sole point of error asserted by appellants, and we are of the opinion that it should be overruled and the judgment of the trial court affirmed.

We arrive at this conclusion on the basis that the injunction order does not restrain appellants from the execution of their judgment or the collection of their debt, but only restrains the sale of this particular property. The only relief sought, and the only relief granted by the injunction order, was that the defendants were restrained and enjoined, in the language of the order, "from proceeding with the foreclosure sale under execution of the property known as Lots 27, 28, 29 and 30 of Block 65 of the Morningside Heights Addition to the City of El Paso * * *." Thus, the court carefully preserved the status quo pending final determination on the merits, but left appellants free to collect their debt by any means available. Under such circumstances our courts have held that Rule 684, and the statutes which preceded it in our law, and on which it is based, are not applicable. Reese v. Wallace Enterprises, Inc., Tex. Civ.App., 376 S.W.2d 587; Lee v. Howard Broadcasting Corporation, Tex.Civ.App., 305 S.W.2d 629; Pacheco v. Allala, Tex. Civ.App., 261 S.W. 148.

The sole assignment of error is overruled, and the Order Granting Temporary Injunction is in all things sustained.