Chester V. HINES, Appellant,

v.

TEXAS TELEPHONE & TELEGRAPH
COMPANY et al., Appellees.

No. 665.

Court of Civil Appeals of Texas,
Tyler.

Feb. 1, 1973.

Rehearing Denied Feb. 22, 1973.

Granberry & Hines, F. P. Granberry,
Crockett, for appellant.

Carrington, Coleman, Sloman, Johnson & Blumenthal, John Andrew Martin, Dallas, Sallas, Griffith & Meriwether, J. B. Sallas, Crockett, for appellees.

McKAY, Justice.

The judgment heretofore entered is set aside and the opinion heretofore delivered is withdrawn and the following is substituted therefor:

Appellant Chester V. Hines, as representative of a class, such class being the residents of Crockett, Houston County, Texas, who were subscribers to the CATV Television communications utility service authorized and franchised by the City of Crockett, by a sworn pleading brought suit against Texas Telephone and Telegraph Company (hereinafter called Telephone Company), Continental Systems, Inc. of St. Louis, and Continental Transmission Corporation, alleging that they were the owners and operators of the CATV television communications utility operated in Crockett as a public utility under franchise from the City of Crockett, and that on September 28, 1970, the City Council of the City of Crockett, at a special called session, passed a city ordinance raising the monthly service charge 50¢, and that such ordinance was ineffective and invalid because it was passed in violation of the Home Rule Charter of the City of Crockett. There was an alternate plea that the mayor was disqualified to vote on said ordinance, and that he having so voted affirmatively on the ordinance to cause it to be enacted made such ordinance null and void. Appellant's prayer was that defendants be ordered to account for the increase in rates and all sums so collected be refunded, and that they be enjoined from any further collection until permitted to do so by a valid city ordinance.

Telephone Company answered by an unsworn pleading (called Special exceptions) that it did not own or operate, directly or indirectly, any CATV cable television network, system or service in the City of Crockett, did not and had not held a franchise from the city, and had no interest in any rights or privileges under the city ordinance. Telephone Company also pled a general denial.

Continental Transmission Corporation filed a plea of privilege which was sustained by the court, and the cause as to it was transferred to Limestone County. There is nothing in the transcript showing any pleading or appearance by Continental Systems, Inc.

Telephone Company filed what was called a motion for summary judgment alleging that there was no genuine issue of a material fact and that appellant, alone, as a class representative, would not fairly insure the adequate representation of the class, and that appellant had not exhausted his administrative remedies by obtaining a decision of the city council. The motion also alleged there was no authority or precedent for subscribers maintaining such a suit. The prayer in the motion asked that such suit be dismissed without prejudice. There were no affidavits nor exhibits attached to the motion, and the motion itself was not sworn to. There are no depositions or admissions in the record.

Appellant answered with an unsworn motion in opposition alleging that there were material issues of fact concerning the validity of the ordinance and the right of appellant alone to represent the class under Rule 42, Texas Rules of Civil Procedure. The trial court, according to the language of its order, granted the summary judgment motion of Telephone Company and then dismissed the suit with prejudice as to appellant, but without prejudice to the rights of the class which appellant had sought to represent "so long as such class is represented by a sufficient number of individual plaintiffs who can provide adequate representation for the entire class" of cable TV subscribers and "who have exhausted their administrative remedies and have demonstrated their standing to maintain an action * * * to assert the public interest in challenging the rate increase

which was brought into question by plaintiff's original petition filed herein and who can allege adequate, legally sufficient grounds for asserting the invalidity or illegality of the said rate ordinance."

Appellant brings three points of error, the first of which is that the trial court erred in holding that appellant alone, as a class representative, could not bring the suit herein. From the quoted language of the court's order set out above it does appear that the trial court do so hold.

Rule 42, Texas Rules of Civil Procedure provides in part:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, *one or more*,[1] as will fairly insure the adequate representation of all may, on behalf of all, *sue or be sued* * * *."

 It has been held that whether the named plaintiffs are proper representatives of a class as required by Rule 42 to the extent that the interests of the other members of the class will be fairly insured of adequate representation is a matter generally addressed to the sound discretion of the trial court, but such ruling is subject to review. Group Hospital Service, Inc. v. Barrett, 426 S.W.2d 310 (Tex.Civ.App., Houston 14th, 1968, writ ref., n. r. e.). From Appellant's pleading it could be determined by calculation by the trial court the approximate number of subscribers to the CATV system. Appellant's pleading alleged that approximately $5,000.00 additional had been collected under the new rate which had been in effect for six (6) months. The trial court, in his discretion, determined Appellant did not adequately represent the class. We hold the trial court did not abuse his discretion.

There is no allegation in Appellant's pleading that the persons constituting the class he seeks to represent are so numerous as to make it impracticable to bring them all before the court. It has been held that this allegation is required by Rule 42, T.R. C.P.; Garza v. Dare, 475 S.W.2d 340 (Tex.Civ.App., Corpus Christi, 1971, n. w. h.).

 Appellant's pleading also shows that he made no attempt to exhaust his administrative remedies before the City Council before bringing this suit complaining of an ordinance setting rates for CATV subscribers. In Schenker v. City of San Antonio, 369 S.W.2d 626 (Tex.Civ. App., San Antonio, 1963, writ ref'd, n. r. e.), is found this language:

"It is fundamental that the fixing of rates is a legislative and not a judicial function, and that the only power of the court is to enjoin the enforcement of an illegal rate. * * * This legislative function of rate making has been delegated by the Legislature to the City.

* * * * * *

"It is fundamental that courts have no initiative in the matter and that administrative remedies must be exhausted before the courts will intervene.

* * * * * *

"Since there was no allegation that plaintiffs had complained of excessive rates to the City Council or sought to have them lowered, the courts could not intervene and the suit was properly dismissed."

In the instant case Appellant's pleading does not show that he had complained to the City Council of excessive rates or that the ordinance under which the increased rate was collected was void.

There is also authority that "only lawfully constituted guardians of the public interest" may maintain actions such as this one. San Antonio Conservation Society et al. v. City of San Antonio, 250 S.W.2d 259

---

1. Emphasis added throughout.

(Tex.Civ.App., Austin, 1952, writ ref'd); Schenker v. City of San Antonio, supra.

We hold that the trial court did not err is dismissing Plaintiff's cause of action. This was not a trial on the merits, however, and the court should not have dismissed the suit with prejudice against Appellant. We, therefore, reform the judgment to eliminate the words, "with prejudice", against Appellant herein.

The order of dismissal as reformed is hereby affirmed.