**SAN AUGUSTINE INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**Earl A. WOODS et al., Appellees.**

**No. 824.**

Court of Civil Appeals of Texas, Tyler.

March 13, 1975.

Rehearing Denied April 10, 1975.

---

Eskew, Brady & Womack, Doren R. Eskew, Austin, for appellants.

Ramsey, Ramsey & Smith, San Augustine, for all appellees.

Cox, Pakenham & Roady, Houston, for appellee Kirby Lbr. Corp.

Zeleskey, Cornelius, Rogers, Berry & Hallmark, James R. Cornelius, Jr., Lufkin, for appellee Southland Paper Mills.

Whitworth & Whitworth, B. F. Whitworth, Jasper, for Eastex Incorporated Temple Industries, Inc. and W. L. Neal.

DUNAGAN, Chief Justice.

This is an appeal from a temporary injunction entered in an ad valorem tax suit brought against San Augustine Independent School District as a result of its 1974 tax equalization program. The application for temporary injunction was instituted in the First Judicial District Court of San Augustine County, Texas, by Earl A. Woods, et al, individually and as a class action against the Board of Equalization of San Augustine Independent School District and the Board of Equalization as such; Members of Board of Trustees of San Augustine Independent School District and said Board of Trustees; the Tax Assessor-Collector for said school district, individually and in her capacity as Tax Assessor-Collector.

Applicants-appellees, inter alia, sought a temporary injunction against the San Augustine Independent School District from putting into effect an allegedly unlawful plan or scheme of taxation and from collecting or attempting to collect taxes for the year 1974 alleging that valuation, levy and assessment were unlawful.

After a hearing on appellees-applicants' application, the trial court on December 24, 1974, issued a temporary injunction ejoining the appellants from:

(1) Finalizing and certifying a tax roll for the year 1974;

(2) Collecting or attempting to collect taxes for the year 1974;

(3) Making the work product of Southwestern Appraisal Company, Inc. the sole basis for evaluating properties in preparing a proposed tax roll for the year 1974; and

(4) Adjourning the Board of Equalization.

An appeal was taken from this order to this court.

Appellants assert that appellees-plaintiffs' pleadings do not meet the mandatory requirements of rule 42, Texas Rules of Civil Procedure, to permit them to maintain this action as the representative of any class.

Appellees-plaintiffs allege in their original petition that they are "owners of real property situated within the boundaries of San Augustine Independent School District and which is similar to properties owned by a large number of other taxpayers within San Augustine Independent School District who constitute a class so numerous as to make it impracticable to bring them all before the Court, and this suit is therefore brought, not only on behalf of Plaintiffs, but also on behalf of all those other taxpayers who are similarly situated, * * *."

■ We deem the pleadings to be sufficient to meet the requirements of Rule 42, T.R.C.P. Hines v. Texas Telephone & Telegraph Company, 490 S.W.2d 953 (Tex. Civ.App., Tyler, 1973, n. w. h.); Garza v. Dare, 475 S.W.2d 340 (Tex.Civ.App., Corpus Christi, 1971, n. w. h.), and Group Hospital Service, Inc. v. Barrett, 426 S.W. 2d 310 (Tex.Civ.App., Houston, 14th Dist., 1968, writ ref'd., n. r. e.); Humphrey v. Knox, 244 S.W.2d 309 (Tex.Civ.App., Dallas, 1951, writ ref'd., n. r. e.).

Appellants also complain that the temporary injunction granted relief not prayed for or supported by the application therefor. This complaint refers to the last three numbered paragraphs [1] of the temporary injunction which appellants say contain mandatory orders beyond and outside of the application for the injunction and the relief therein specifically prayed for. We agree. Appellees' prayer for temporary injunction is:

"WHEREFORE, premises considered, Plaintiffs pray that Defendants, and each and all of them, be temporarily restrained and, after notice and hearing, temporarily enjoined, pending final judgment herein or until further order of this Court, from adjourning the Board of Equalization of San Augustine Independent School District; from completing, certifying, approving and adopting a tax roll for San Augustine Independent School District for the year 1974; from putting into effect, or attempting to put into effect, the illegal and unconstitutional plan, scheme and design heretofore adopted by Defendants and being followed by them in putting values on real property of Plaintiffs; from collecting, or attempting to collect, taxes from Plaintiffs based upon such illegal and unconstitutional plan, scheme and design; and from placing the properties of Plaintiffs on the 1974 tax roll of Defendant District at a higher valuation than that as shown in and by the renditions of Plaintiffs for such year."

■ It has long been required that persons seeking the extraordinary remedy of injunction must be specific in pleading the relief sought, and that the courts are without authority to grant relief beyond that so specified. Scoggins v. Cameron

1. "and such Writ of Injunction shall also require the said Defendants to:
(1) Complete the Board of Equalization hearings and deliberations;
(2) Prepare a proposed tax roll for the year 1974 based upon proper and legal

evaluation and equalization procedures giving proper consideration to all classes of property taxable under the applicable laws of the State of Texas; and,
(3) Notify the Court when such proposed tax roll for 1974 has been completed."

County Water Imp. Dist. No. 15, 264 S.W. 2d 169 (Tex.Civ.App., Austin, 1954, writ ref'd., n. r. e.); Fletcher v. King, 75 S.W. 2d 980 (Tex.Civ.App., Amarillo, 1934, writ ref'd.). We do not find the herein complained of relief granted by these three paragraphs specifically pleaded or prayed for by the appellees in their application for temporary injunction. This part of the order is modified to fit the prayer in appellees' application for injunction by deleting said paragraphs from the order.

 That part of the order of injunction enjoining the San Augustine Independent School District from collecting or attempting to collect taxes for the year 1974 is too broad in that it enjoins all taxpayers from voluntarily paying his or her taxes. After all, there may be some taxpayers who desire to pay their taxes even though the plan is being attacked by the appellees as being unlawful. We do not know of any legal authority, nor have we been cited any, that would authorize a court to enjoin a taxpayer from voluntarily paying his or her taxes even though the legality of the assessment thereof is questionable or is under attack. Therefore the order is modified as follows:

It is accordingly ordered, adjudged and decreed that the appellant, San Augustine Independent School District, and its agents, servants and employees, be, and they are hereby, restrained and enjoined from compelling or attempting to compel the appellees, or any of them, to pay taxes under the levy, assessments and evaluations as reflected by the tax roll for the year 1974.

It is further ordered that any of the appellees may voluntarily pay any and all taxes assessed against them at any time.

This order shall not in any manner prevent the statutory imposition of penalty and accrual of interest and cost on any taxes which become delinquent. Briscoe Ranches, Inc. v. Eagle Pass In-

dependent School District, 439 S.W.2d 117 (Tex.Civ.App., San Antonio, 1969, n. w. h.).

Appellants' points 5 and 6 are not briefed and are waived. Therefore they are overruled.

The order of temporary injunction as modified is affirmed.