BIRDS CONSTRUCTION, INC.,
Appellant,

v.

Edmundo R. GONZALEZ and Janet L.
Gonzalez, Appellees.

No. 1630.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 28, 1981.

Charles E. Hamilton, Brownsville, for appellant.

John C. Nabors, Liddell, Sapp, Zivley & Brown, Houston, Norton Colvin, Jr., Hardy, Rodriguez & Colvin, Brownsville, for appellees.

## OPINION

NYE, Chief Justice.

The plaintiffs, Edmundo R. Gonzalez and wife, Janet L. Gonzalez, brought suit against Birds Construction Company, Inc., contractor, for damages which resulted from an alleged breach of a construction contract. The plaintiffs obtained a temporary injunction pending disposition of the cause on the merits prohibiting the defendant from holding a foreclosure sale of plaintiffs' property. It is from this temporary interlocutory order that defendant appeals.

At the hearing on the temporary injunction, evidence was introduced through stipulations. Arguments were heard from the parties' attorneys setting forth their various contentions. At the conclusion of the hearing, the trial court granted the temporary injunction stating:

"All right. I am going to grant the temporary injunction. I find that there is need of a temporary injunction; that the sale of the house would harm the Plaintiffs, and that Plaintiffs would lose their

lot, the improvements thereon, and all of the monies previously invested therein if the injunction were not issued. I think that the Plaintiffs do not have an adequate remedy at law. It is obvious to me that there is a bona fide dispute between the owners of the lot and the contractor. Specifically, the defendants are enjoined from proceeding with any notice of sale in the form of, or anything that would foreclose on the property while this lawsuit in question is pending."

As a condition to the granting of the temporary injunction, the trial judge required plaintiffs to post a bond in the amount of $5,000.00.

The defendant presents eight points of error complaining in essence that: 1) the trial court failed to hold an evidentiary hearing, therefore there is no evidence that plaintiffs have both a probable right to recovery and a probable injury; 2) the scope of the temporary injunction granted by the trial court exceeds, and is different from, the relief sought by plaintiffs; and 3) the trial court abused its discretion by fixing the amount of the bond at only $5,000.00.

In considering these points of error, we keep in mind the familiar rules concerning our review of the trial court's action in granting or denying a temporary injunction. First, the ultimate purpose of a temporary injunction is to preserve the status quo of the suit pending a final trial of the case on the merits. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (Tex.Sup. 1961). "To warrant issuance of the writ, an applicant is not required to establish that he will prevail on final trial; he needs only to plead a cause of action and to show a probable right on final trial to the relief he seeks and probable injury in the interim." *Sun Oil Company v. Whitaker,* 424 S.W.2d 216 (Tex.Sup.1968). On appeal, the reviewing court is limited in its consideration to the question of whether the trial court abused its discretion in making the foregoing determination. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.Sup.1978). See *Brooks v. Expo Chemical Co., Inc.,* 576 S.W.2d 369, 370 (Tex.Sup.1979).

We have summarized as follows the relevant stipulations made by the parties during the course of the hearing, which is now at issue:

1) Defendant had appointed Willaim A. Faulk, as substitute trustee; the property had been posted for foreclosure sale on the first Tuesday in November; and such foreclosure sale was pending;

2) The house being constructed for plaintiffs by defendant was not substantially completed;

3) Defendant was constructing the house pursuant to the following exhibits, accurate copies of which were before the trial court:

a) a building and construction contract which required plaintiffs to pay a total of $99,930.00. The first $5,000.00 payment was payable upon execution of the contract; the second $25,000.00 payment was payable on or before forty-five days from the date the contract was executed; and the final payment was payable on or before ninety days from the date or upon completion of the improvements;

b) a note executed by plaintiffs payable to the order of defendant in an amount equal to the total contract price, payable in the installments mentioned above, and

c) the mechanic's and materialman's lien contract which had been filed of record securing payment for the improvements;

4) Plaintiffs had made the first two payments as required by the note and contract; (i. e., $5,000.00 and $25,000.00).

5) The contract required defendant construction company to construct the home pursuant to certain enumerated specifications;

6) Several letters written by the attorney for the respective parties were true and correct copies of correspondence and that they would be admissible to the extent they were relevant.

Thereafter, the attorneys for the respective parties summarized into the record other evidence they expected to produce. The trial judge then stated that, for the pur-

poses of the temporary injunction hearing, he would take the representations of counsel as to what their witnesses would say and as to what further evidence would show. Based upon the evidence, the sworn pleadings of plaintiffs, the stipulations and the arguments of counsel, the trial judge granted plaintiffs' motion for a temporary injunction.

■ The case before us is readily distinguishable from the cases upon which defendant relies where the trial judge issued a temporary injunction after hearing absolutely no evidence. See *City of Austin v. Texas Public Emp. Ass'n*, 528 S.W.2d 637 (Tex.Civ.App.—Austin 1975, no writ); *Gibson v. Shaver*, 434 S.W.2d 462 (Tex.Civ.App. —Tyler 1968, no writ); *Texas State Board of Medical Examiners v. McKinney*, 315 S.W.2d 387 (Tex.Civ.App.—Waco 1958, no writ). It is evident to us from the record that a substantial dispute exists between the parties concerning performance by the respective parties under the terms of the construction contract. One of the letters which was admitted through stipulation evidences an acknowledgement on the part of defendant that plaintiffs have complaints concerning the quality of defendant's work. It is undisputed that plaintiffs are the record owners of the property in question; that defendant sought to sell the property under the provisions of the mechanics' and materialman's lien prior to the time the case could be determined on the merits, and that, if such sale occurred, plaintiffs would lose title to their property. Many of the facts were undisputed or conceded by the attorneys. The Supreme Court of Texas has stated that a trial judge abuses his discretion when he fails or refuses to apply the law to conceded or undisputed facts. *Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. Sup.1961); *Southland Life Ins. Co. v. Egan*, 126 Tex. 160, 86 S.W.2d 722 (Tex.Sup.1935). Compare: *Ortiz v. Spann*, 586 S.W.2d 560 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.).

We are of the opinion that, considering the record in the light most favorable to the plaintiffs, there is ample evidence which would tend to support a probable right of recovery in the plaintiffs and a probable injury to them if the writ were not granted. We pause to note that neither the Supreme Court nor this Court will assume that the evidence taken at the preliminary hearing will necessarily be the same as the evidence developed at a full trial on the merits. The scope of our review precludes our consideration of the merits of the underlying controversy. We hold that the trial judge did not abuse his discretion by granting temporary injunctive relief. See *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.Sup.1978) and authorities cited therein. Accordingly, appellant's points of error 1, 2, 5, 6, and 7 are hereby overruled.

Points of error 3 and 4 complaint of the scope of the trial court's injunction. Plaintiffs' original petition alleged, in relevant substance, that notice had been posted and a foreclosure sale was then scheduled for Tuesday, November 6, 1979, and that, "[T]he Court should *grant such Temporary Injunction* to *preserve the status quo* of the subject matter of this lawsuit *pending the final trial*." (Emphasis added.) Plaintiffs specifically prayed that a temporary injunction "be issued by this Court, enjoining and prohibiting the Defendants from selling the lot described above . . . or any improvements thereon at the Trustee's Sale." In addition, plaintiffs prayed for other general or special relief. The scope of the trial court's injunction prohibited defendant from holding the foreclosure sale scheduled for November 6, 1979, and from reposting the property for sale or attempting to hold any foreclosure sale until permitted to do so by further order of the trial court. In point of error 3, the complaint is made that plaintiffs' pleadings limited the trial court's jurisdiction to enjoin the foreclosure sale scheduled for November 6, 1979.

■ It is generally stated that, in order to warrant a court of equity to grant injunctive relief, the applicant must specify the precise relief sought and that a court is without jurisdiction to grant relief beyond and in addition to that particularly specified. See *Fletcher v. King*, 75 S.W.2d 980, 982 (Tex.Civ.App.—Amarillo 1934, writ ref'd); *San Augustine Independent School Dist. v. Woods*, 521 S.W.2d 130, 132–33 (Tex.Civ.App.—Tyler 1975, no writ); *Win-*

*slow v. Duval County Ranch Company*, 519 S.W.2d 217, 221 (Tex.Civ.App.—Beaumont 1975 writ ref'd n. r. e.).

■ We are of the opinion, however, that the trial court did not exceed its jurisdiction by entering an injunction which not only precluded the defendant from selling plaintiffs' property at the foreclosure sale scheduled for November 6, 1979, but, also, precluded the defendant from rescheduling any foreclosure sale and attempting to sell the property prior to the time the matter was determined on its merits before the trial court. Plaintiffs' petition specifically prayed for a temporary injunction. Although the specific prayer referred to "the Sale," plaintiffs had also alleged that any sale pending a final resolution of the controversy on the merits would be harmful, and "alleged" that the trial court should preserve the status quo by injunction pending a resolution of the merits of the controversy. During oral argument, the parties informed this Court that a trial on the merits was scheduled for May, 1980. Absent a special exception directed toward the ambiguity contained in the prayer portion of plaintiffs' petition, we are of the opinion that the allegations authorized the trial court to enter an injunction which would be effective until the trial on the merits. Point of error three is overruled.

■ We do agree, however, with appellant's contention that the trial court exceeded its authority by entering that portion of the temporary injunction which enjoined defendant from interfering with plaintiffs' use and possession of the property. In addition to being vague, this relief is not sought anywhere in the allegations or prayer contained in plaintiffs' petition. It also threatens to prevent defendant from peaceably entering the premises prior to the trial of the issues on the merits for the purpose of removing any remaining tools or supplies owned by defendant. Point of error four is sustained.

Defendant's remaining complaint challenges the adequacy of the bond which the trial court fixed in an amount of $5,000.00. Appellant generally complains that the amount for the bond should equal the out-standing balance it claims is due pursuant to the note and construction contract, plus attorneys' fees and trustee's fees as provided in the mechanic's lien contract and note.

■ Rule 684, Texas Rules of Civil Procedure, provides, in relevant part, as follows:

> "In the order granting any . . . temporary injunction, the court shall fix the amount of security to be given by the applicant.
>
> \*    \*    \*    \*    \*    \*
>
> If the injunction be applied for to restrain the execution of a money judgment or collection of a debt, the bond shall be fixed in the amount of such judgment or debt, plus a reasonable amount to cover interest and costs."

In this case, the temporary injunction entered by the trial judge restrains appellant from foreclosing its security interest at a foreclosure sale. Thus, the mandatory provisions of Rule 684 relating to fixing the bond in the amount of the judgment or debt is inapplicable in this case. *Bailey v. Nacim*, 386 S.W.2d 822, 823 (Tex.Civ.App.—El Paso 1965, no writ); *Reese v. Wallace Enterprises, Inc.*, 376 S.W.2d 587, 591 (Tex.Civ. App.—Tyler 1964, no writ). We are of the opinion that the bond is adequate and that appellant has failed to show that the trial judge abused his discretion in setting the amount of the bond.

The judgment of the trial court is reformed to eliminate that portion of the temporary injunction which states as follows:

> "FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, and each of them, be temporarily enjoined from interfering with Plaintiffs' possession and use of the property described in Plaintiffs' First Amended Original Petition until further order of this Court, and it is . . ."

As reformed, the trial court's judgment is affirmed.