**Jose V. GARZA et al., Appellants,**

**v.**

**H. E. DARE et al., Appellees.**

**No. 685.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 30, 1971.

Roger Butler, Robstown, for appellants.

Faires P. Wade, Corpus Christi, James Williams III, Robstown, for appellees.

OPINION

SHARPE, Justice.

This appeal is from a summary judgment rendered in favor of appellees, defendants below, that appellants, plaintiffs below, take nothing by their suit.

The appellants are Joe V. Garza, Helio L. Perez, Ignacio G. Gongora, and Enrique Ricardo Hernandez. The appellees are H. E. Dare, H. B. Nichols, Willard Martin, Leopoldo Juarez and B. D. Berryman, who are sued individually and as trustees of the City of Robstown Electrical, Gas and Sanitation Utilities Systems; and the City of Robstown, Texas, its Mayor, B. D. Berryman, and its councilmen Julio Garcia, Jr., Ciro Cid Lopez, John E. Thompson, Jr., Fred Flores and Joe Chapa, Jr.

The first amended original petition of appellants alleged in substance that they brought suit individually as taxpayers of the City of Robstown and as representatives of a class of citizens; that appellees, particularly the trustees, had violated or failed to comply with the provisions of Article 1113, Vernon's Ann.Civ.St., in various respects, and that the results of a bond election held June 5, 1971 are void and should be set aside. Appellants prayed for injunctive relief, both prohibitive and mandatory, in connection with Article 1113, V.A.C.S.

Appellants' sole point of error asserts that the trial court erred in granting appellees' motion for summary judgment. Under that point appellants make two principal contentions. First, that the appellees-defendants, particularly the trustees, are engaging in a course of conduct, by acts and omissions, contrary to the provisions of Art. 1113, V.A.C.S., and that the main purpose of the suit is to prevent illegal expenditures from the revenues of the utility systems of the City of Robstown, Texas. Second, that the results of an election held on June 5, 1971, authorizing the issuance of revenue systems bonds for a generating unit be set aside.

Appellees contend in substance: 1) That the summary judgment evidence establishes conclusively that appellants do not have a justiciable interest sufficient to maintain this suit as it relates to enforcement of alleged rights under Art. 1113, V.A.C.S., either to bring a class suit or to sue as individuals; 2) That, even if appellants have standing to bring the suit, the summary judgment evidence establishes that there is no genuine issue of material fact and appellees are entitled to judgment as a matter of law; 3) That the results of the election authorizing issuance of revenue bonds cannot be questioned or set aside in the absence of an election contest instituted and maintained in compliance with certain provisions of the Election Code, particularly Art. 9.03, V.A.T.S. which requires notice in writing of intention to contest and notice in writing of the grounds relied upon to sustain the contest to be given within 30 days after the return day of election.

We will first discuss that phase of the case relating to the election authorizing the issuance of bonds. The record reflects that on May 7, 1971 the city council of Robstown duly called an election for the issuance of $800,000 bonds for the purpose of constructing extensions and improvements to the city's electric light and power system, and for the issuance of $400,000 bonds for the purpose of constructing extensions and improvements to the city's sanitary sewer system; that on June 5, 1971, the election was duly held; and that on June 7, 1971 the city council canvassed the results of said election and declared the same to be as follows:

## "PROPOSITION NO. 1

For the issuance of $800,000 bonds for the purpose of constructing extensions and improvements to the city's electric light and power system . . . . 388 votes

Against the issuance of $800,000 bonds for the purpose of constructing extensions and improvements to the city's electric light and power system    72 votes

## PROPOSITION NO. 2

For the issuance of $400,000 bonds for the purpose of constructing extensions and improvements to the city's sanitary sewer system . . . . . 393 votes

Against the issuance of $400,000 bonds for the purpose of constructing extensions and improvements to the city's sanitary sewer system . . . 68 votes"

The record herein conclusively establishes that neither a notice of intention to contest the election authorizing issuance of the above-mentioned bonds or notice of the grounds relied upon to sustain a contest (as is required by Art. 9.03, Election Code) has been given.

■ In Moore v. Edna Hospital District, 449 S.W.2d 508, 520 (Tex.Civ.App., Corpus Christi, 1969, wr. ref. n. r. e.) we held that jurisdiction of the district courts in election contests is dependent upon compliance by contestants with the 30 day notice provision of Art. 9.03, Election Code. The notice required by that statute is two fold; (1) notice in writing of the intention to contest; and (2) notice in writing of the grounds relied upon to sustain the contest. Each type of notice is mandatory. Art. 9.30, Election Code makes Art. 9.03 applicable to contests of elections held for purposes other than the election of officers.

In Maddox v. Commissioners Court of Palo Pinto County, 222 S.W.2d 475 (Tex. Civ.App., Eastland 1949, n. w. h.) the court held in part:

"It is the settled law that the jurisdiction of the District Court in election contests is dependent upon service of the notice and statement required by statute upon the contestees within the time and in the manner required by law. In the absence of notice, served in the statutory time and manner, it has been repeatedly held that the district court acquired no jurisdiction of such contest."

■ From the preceding discussion it is apparent that appellants were not entitled

to question the results of the election held on June 5, 1971, authorizing issuance of the above-mentioned bonds. The trial court correctly rendered summary judgment in favor of appellees in such respect.

We next consider the question as to whether appellants have a justiciable interest in maintaining this suit as it relates to enforcement of alleged rights under Article 1113, V.A.C.S. We have concluded that the summary judgment record conclusively establishes that appellants are not entitled to bring this suit either as a class action or as individuals.

■ The allegations contained in plaintiffs'-appellants' first amended original petition are very general in nature. There are no allegations of specific dates of the alleged transactions, acts or omissions on the part of appellees. Although said petition alleges that appellants bring this action individually as well as representatives of a class of citizens seeking to prevent the exercise of unlawful power by the trustee defendants, there is no allegation that the persons constituting such class "are so numerous as to make it impracticable to bring them all before the court" as is required by Rule 42, Texas Rules of Civil Procedure (class actions). Appellants' amended petition also does not comply with Rule 42 in other respects. The summary judgment evidence conclusively establishes the absence of the essential elements which would authorize appellants to bring a class action.

■ In view of our holding concerning appellants' lack of standing to bring a class action, we next consider appellants' complaints as individuals. In asserting violations of Article 1113, V.A.C.S., appellants rely upon a provision of that article authorizing taxpayers to enforce the provisions of that act. The right of action so provided, however, was intended to relate only to the provisions of the act which have some reasonable relation to their interests as taxpayers. Fisher v. City of Bartlett et al, 76 S.W.2d 535 (Tex.Civ.App., Austin, 1934 writ dism'd). An analysis of the affidavits offered by appellants, and the depositions of the appellants themselves, fails to disclose any wrongful activity on the part of appellees violative of Art. 1113. More specifically, appellants' depositions patently reflect a lack on their part of any knowledge of misappropriation of tax funds. All four appellants, on deposition, expressly state they have no personal knowledge of any misuse or misapplication of tax money, or that tax money is used in any way to support the utilities system. Appellants' depositions also disclose an absence of any personal knowledge relating to their complaints concerning appellees withholding information or their failure to grant information or records on request.

In view of the above-mentioned facts elicited from appellants' affidavits and own depositions, it follows that the right of action conferred upon taxpayers by Art. 1113 is not available to them. The summary judgment evidence establishes that appellants have not suffered any damage whatsoever and particularly any damage which has a reasonable relation to their interests as taxpayers. It appears from appellants' own depositions that the suit was brought primarily to gain knowledge about the operation of the system, rather than presenting an existing controversy which is definite and concrete touching the legal relations of parties having adverse interests.

Appellants, in view of the summary judgment evidence, failed to specify or establish an actual controversy or even the ripening seeds of one. Gray v. Bush, 430 S.W.2d 258 (Tex.Civ.App., Ft. Worth, 1968, ref. n. r. e.). The summary judgment evidence establishes that appellants in the posture of individual taxpayers of the City of Robstown, have not suffered personal damage because of the actions of the appellees.

■ It is further apparent in this case that even if appellants had standing to institute and maintain this suit, the summary judgment record establishes that there is

no genuine issue of material fact and appellees are entitled to judgment as a matter of law. In a summary judgment case the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of essential elements of plaintiff's cause of action. Rule 166–A, T.R.C.P. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup.1970); Brooks v. Hale, 457 S.W.2d 159 (Tex.Civ.App., Tyler, 1970, wr. ref. n. r. e.). Summary judgment is proper if the pleadings, depositions, and admissions on file show that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup.1969). The movant for summary judgment must demonstrate in each case that no fact issue stands in way of judgment for movant even though all evidence and reasonable inferences presented and raised by party opposing motion are assumed to be true, Torres v. Western Casualty & Surety Company, 457 S.W.2d 50 (Tex.Sup.1970). In the instant situation appellees, in support of their motion for summary judgment, rely upon the depositions of the four appellants. Each deposition clearly shows that appellants have no personal knowledge of any wrongdoing on the part of appellees, whether in misapplying tax money, or in withholding information, or in failing to comply with Art. 1113, V.A.C.S. Appellants' own depositions show that their primary purpose in bringing suit is to seek information surrounding the operation of the utilities system. Two affidavits, offered by appellants in opposition to the motion for summary judgment, reflect an absence of any personal knowledge of the affiants of any wrongdoings by appellees. The affidavits contain only conclusions and unspecific allegations relating to appellees' conduct in the operation of the utilities system. There is a complete absence of specific instances or specific charges of any wrongdoing.

An analysis of the aforementioned summary judgment evidence, therefore, clearly establishes that there is no genuine issue of fact as to one or more of the essential elements of appellants' cause of action and that appellees are entitled to judgment as a matter of law, Rule 166–A, T.R.C.P.

The judgment of the trial court is affirmed.