**Rueben GARZA, Appellant,**

v.

**CITY OF ROBSTOWN, Texas, et al., Appellees.**

**No. 729.**

Court of Civil Appeals of Texas, Corpus Christi.

June 29, 1972.

Roger Butler, Corpus Christi, for appellant.

James W. Williams, III, Robstown, Wade & Cromwell, Charles W. Cromwell, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This is a suit by a taxpaying citizen of the city of Robstown complaining of the Mayor, the City Council and members of the Board of Trustees who operate the Robstown Utility System. The defendants filed their motion to dismiss the suit, contending that the suit was in the nature of an election contest and that the same issues had been determined in a separate suit that was finally determined on appeal. The trial court dismissed plaintiff's suit for want of jurisdiction. Whereupon appellant appeals to this Court.

The appellant as plaintiff alleged that he is a resident taxpaying citizen of the City of Robstown. He complains of the same named defendants in a previous appeal. Garza v. Dare, 475 S.W.2d 340 (Tex.Civ. App.—Corpus Christi 1971, n. w. h.). He alleges that the utility system is controlled by a board that he refers to as the "Robstown Utility System". He alleges that on

June 7, 1971, the City of Robstown held an election in which a majority of the persons voted for the issuance by the City of revenue bonds totalling $1,200,000.00 which authorized the City to impose upon the Robstown Utility System and its revenues, a lien to secure the indebtedness that will be created by such bonds when they are issued. In paragraph 7 of his petition he states that the City of Robstown and its officials (the defendants herein) "unless restrained by this Court (the trial court) as hereafter requested, intends to issue, and will issue, the aforementioned revenue bonds authorized by said election. The issuance by said City of said bonds, or any of them, would be an illegal act outside the statutory authority of said City." He contends that the power to call the election rests solely in the "Robstown Utility System board" and ". . . for that reason the said City lacked power to call said election and as a result said City lacks authority under the law to issue any of the aforementioned bonds . . . ." He further states that the plaintiff in his capacity as a "taxpaying citizen of Robstown", seeks to restrain the officials of the City from doing an illegal and unauthorized act, i. e. the issuing of the bonds which were authorized by the election.

Appellant in his brief states that his basic contentions are outlined in the preceding paragraph 7 of his original petition. He insists that the only governmental agency with the power to call the bond election was the "utility board"; that the City in calling the election acted ultra vires and wholly without authorization of any law within this state; and that he as appellant and in his capacity as a citizen and taxpayer can show that he has a justiciable interest sufficient to authorize him to prosecute this suit and to stop the City from engaging in its illegal and unauthorized conduct. Citing Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037 (1916). This case concerns the question of whether the State Democratic Executive Committee may be restrained from placing a nominee that it

has indorsed, on the ballot. It is not a case that challenges the validity of an election or the authority of a utility board to call an election. This authority is not in point.

■■■■ It is clear to us that the appellant is attempting, by a collateral attack, to contest the election held by the City of Robstown for the issuance of revenue bonds. Where one attacks the validity of an election as a subject matter of his law suit, such suit is denominated an election contest. Clary v. Hurst, 104 Tex. 423, 138 S. W. 566 (1911). This being the case, the results of an election that authorizes issuance of revenue bonds cannot be questioned or set aside, absent an election contest suit instituted for that purpose. Art. 9.03 Vernon's Ann.Civ.St. of the Election Code requires that notice in writing of the intent to contest an election and notice in writing of the grounds that the contestant relies upon, must be given within thirty days after the return day of the election. This was our holding in Garza v. Dare, supra. The appellant admitted that he has not complied with these provisions of Art. 9.03. The district court was therefore correct in determining that it did not have jurisdiction to hear any fact issue concerning any irregularity of the subject election. See Garza v. Dare, and cases cited therein.

Statutes governing the election and issuance of municipal bonds are found in Title 22, Art. 701–842b, V.A.C.S. Art. 702 states that the "governing body" of the city or town shall order the election for the issuance of bonds. Art. 23, Sec. 9, V.A.C.S. defines governing body. It does not make reference to a board of trustees as satisfying the definition of a governing body.

■■■■ The appellant refers us to Art. 1115, V.A.C.S. as the authority for a board of trustees to have the exclusive power to call the election. We fail to see any mandatory requirement in this Article as suggested by the appellant. The board of trustees is merely an agent of the govern-

ing body of the city, town or home rule city and it was never intended that such board be vested with the exclusive authority to call a bond election or to issue bonds resulting therefrom. See Crownhill Homes, Inc. v. City of San Antonio, 433 S.W. 2d 448 (Tex.Civ.App.—Corpus Christi 1968, n. r. e.); San Antonio Independent School District v. Water Works Board of Trustees, 120 S.W.2d 861 (Tex.Civ.App.— Beaumont 1938, err. ref'd).

We believe that Art. 1112 is most applicable. It states:

"No such light, water, sewer or natural gas systems, parks and/or swimming pools, shall ever be sold until such sale is authorized by a majority vote of the qualified voters of such city or town; nor shall same be encumbered for more than Ten Thousand Dollars ($10,000), except for purchase money, or for extensions to such systems, or to refund any existing indebtedness lawfully created, until authorized in like manner. Such vote in either case shall be ascertained at an election, which election shall be held and notice thereof given as is provided in the case of the issuance of municipal bonds by such cities and towns."

The bond election was held under the authority of Art. 1111, V.A.C.S. and the succeeding sections. Particularly Art. 1112 above quoted. We find nothing from appellant's allegations in this suit that would in any way affect the validity of this election.

The City of Robstown filed its motion to dismiss this appeal contending that this Court had already heard and entered a judgment in the prior case (Garza v. Dare, supra), disposing of all of the issues relative to a contest of the said bond election. Appellees argue that the filing of the present suit destroys the meaning and the effect of this Court's prior judgment, in that the Attorney General will not now approve the revenue bonds of this type so long as their validity are under attack by the pending litigation. 40 Tex.Jur.2d § 572, p. 258; Sec. 3, Art. 1269j–5, V.A.C.S. Although appellant in the present pending appeal was plaintiff in the lower court, he was not one of the actual parties in the prior case, therefore the motion to dismiss the appeal is overruled. However, the attorney who represents the appellant and all of the defendants named in the prior case are all one and the same in this case. Even the present appellant was a witness in the prior case. If an actual interference with the enforcement of the judgment of the prior case of this Court is destroyed by the filing and prosecution of a second suit, it is the duty as well as the right of an appellate court to exercise its original jurisdiction and enforce its judgment. City of Dallas v. Dixon, 365 S.W.2d 919 (Tex. 1963). The prosecution of the first and second suit attacks the integrity of the bond election and therefore affects the validity of the bonds and the right to expend their proceeds. We believe the second suit is an interference with our prior judgment.

It is true that we held in the first suit, that the summary judgment evidence conclusively established that the appellants did not bring their suit in the nature of a class action since they did not comply with the provisions of Rule 42, Texas Rules of Civil Procedure (Class Actions). However, the plaintiffs in both suits are all described as "Taxpayers of the City of Robstown", and represent in effect a high-bred type of a class action. The purpose of which was and presently is to test the validity of the election and to hold up the approval of the revenue bonds by the Attorney General. The description of appellant here and the appellants in the prior suit convinces us that they are one and the same, and they in their capacity are attempting to relitigate the same issues as were foreclosed by our decision in Garza v. Dare. Appellant's attorney has stipulated in the lower court and reaffirmed his agreement here in oral argument that if he is unsuccessful in this suit that neither he nor any of the persons represented by him would make any fur-

ther attempt to bring subsequent suits to contest the bond election held on June 5, 1971.

We are therefore satisfied that an extraordinary writ will not be necessary for the enforcement of our prior judgment. See City of Dallas v. Dixon, supra.

The trial court was correct in dismissing appellant's suit. Adamson v. Connally, 112 S.W.2d 287 (Tex.Civ.App. Eastland 1938). The judgment of the trial court is affirmed.

SHARPE, Justice (concurring).

This appeal is from a judgment of the trial court providing that the suit of plaintiff-appellant be dismissed with prejudice. I concur in the affirmance of that judgment for the reasons stated in this separate opinion.

We have heretofore, on December 30, 1971 decided the case of Jose V. Garza, et al. v. H. E. Dare, et al., 475 S.W.2d 340, in which motion for rehearing was not filed; sometimes hereafter referred to as the prior suit. The defendants-appellees in that case were and are the same as in the instant case. However, Rueben Garza, the plaintiff-appellant in the present case was not a party to the prior suit.

The petition of plaintiff-appellant in this case does not contain all of the allegations made by the plaintiffs in the prior suit. The principal allegation of plaintiff-appellant in the instant suit—and which was not made in the prior suit—is that the election of June 7, 1971, (our prior opinion reflects that the election was actually held on June 5, 1971 and the results canvassed on June 7, 1971) at which revenue bonds in the amount of $1,200,000.00 were approved, could have been called only by boards which appellant refers to collectively as the Robstown Utility System. Otherwise stated, appellant contends that the city council of Robstown did not have the authority to call the said election at which the revenue bonds were approved and that "The issu-

ance by said city of said bonds, or any of them, would be an illegal act outside the authority of said city."

The City of Robstown, Texas, is a home rule city operating under the provisions of Article XI, Section 5, Texas Constitution, Vernon's Ann.St. We can take judicial notice of its charter. Article 1174, V.A.C. S.; Hallman v. City of Pampa, 147 S.W.2d 543 (Tex.Civ.App. Amarillo, 1941, wr.ref.). Section 30 of the Robstown charter relates to public utilities owned by the City. The management of any public utility and all properties incident thereto is placed in a board of trustees consisting of five members.

Section 30(k)a. of the Robstown Charter reads as follows:

"No such system or systems shall ever be sold until such sale is authorized by a two-thirds vote of the qualified electors living and owning real property within the corporate limits of the City of Robstown; nor shall same be encumbered for more than five thousand ($5,000.00) dollars except for purchase money or to refund any existing indebtedness or for repairs on reconstruction, unless authorized in like manner. Such vote where required shall be ascertained at an election of which notice shall be given in like manner as in cases of the issuance of municipal bonds of such city.

b. In all matters where this Ordinance (Charter) is silent, the laws and rules governing the city council of the City of Robstown, Texas, shall govern said board of trustees, so far as applicable."

Section 2 of the Robstown Charter reads as follows:

"Sec. 2. Additional home rule powers.

In addition to all of the powers herein expressly enumerated and the chapters, titles and statutes herein adopted by reference, it is expressly here provided that the city shall have all of the powers granted to cities, under Title 28, of R.C.

S.1925, and amendments, of over 5,000 inhabitants operating under a Home Rule Charter, and all of the powers granted to cities of over 5,000 inhabitants operating under the general law insofar as they do not conflict with the specially enumerated powers and procedures contained in this Charter, it being intended to preserve all the powers previously granted to the city as a city operating under the general law and to additionally grant the express powers herein enumerated together with all powers of local self-government not inhibited by the Constitution of the State of Texas."

In my view the basic contention of appellant that the election involved was required to be called by the board of trustees of the utility system and could not be called by the city council of Robstown is without merit. This conclusion is supported by consideration of Art. XI, Sec. 5, Texas Constitution; Art. 1175 (the enabling act) sections (10), (11), (33), V.A.C.S.; Art. 23, paragraph 9, V.A.C.S. (defining "Governing body"); Art. 1112, V. A.C.S.; Title 22, V.A.C.S., particularly articles 701, 702 and 703a. It appears from an analysis of such provisions taken in connection with the city charter of Robstown, Texas that an election for issuance of the revenue bonds involved in this case must be called by the "Governing body" of the city, which in this case is the city council of Robstown, and *not* the board of trustees of the utilities system. It thus appears that appellant's only material contention in this case is without merit and that the judgment should be affirmed in any event.

However, there is an additional ground upon which affirmance can be rested. That ground is that appellant's suit in essence is an attempt to contest an election, and it was stipulated that notice of intention to contest the election authorizing the issuance of revenue bonds was not given. Such notice is required by Art. 9.03 Election Code (considered along with Art. 9.30 Election Code). We discussed this ques-

tion in Garza v. Dare, supra, and our holding there that failure to give such notice was fatal to an attempt to contest the election is equally applicable here.

We are dealing with a situation where in the prior suit this Court affirmed a judgment against the plaintiffs there who attempted to contest the election of June 5, 1971; and in the second or instant suit we have involved a different plaintiff who attempts to contest the election on a different ground, and we have also affirmed the judgment of the trial court dismissing the second suit with prejudice. In my view the case of City of Dallas v. Dixon, 365 S.W.2d 919 (Tex.Sup.1963) has no application to the instant case and our decision should not in any manner be based upon its holdings.

For the reasons stated, I concur in affirmance of the judgment of the trial court dismissing appellant's suit with prejudice.