**A. B. ROBERTS et al., Appellants,**

v.

**BROWNSBORO INDEPENDENT SCHOOL DISTRICT et al.,**
**Appellees.**

**No. 1227.**

Court of Civil Appeals of Texas, Tyler.

Dec. 14, 1978.

Rehearing Denied Jan. 11, 1979.

Willis D. Moore, Moore, Bateman & George, Melvin G. Bateman, Athens, for appellants.

Jack Jackson, Hathaway & Jackson, Tyler, for appellees.

MOORE, Justice.

Appellants, A. B. Roberts and other taxpaying citizens brought suit in the form of a declaratory judgment action against appellees, Brownsboro Independent School District and its trustees, seeking a judgment declaring that an order passed by the

district calling a school bond election was void. Appellants allege that the order calling the election was void because the notices posted by the district notifying the public of the meeting at which the bond election was ordered did not notify the public that the calling of a bond election would be considered at the meeting and therefore the order was void because the same was passed in violation of the provisions of the Texas Open Meetings Law, Article 6252–17, Tex.Rev.Civ.Stat.Ann., sec. 3A(a).[1] The School District answered with a Plea in Abatement alleging that appellants' suit amounted to an attack on the validity of the bond election and as such amounted to an election contest under the provisions of Article 9.01, et seq., of the Texas Election Code, Tex.Rev.Civ.Stat.Ann. The District further alleged that appellants failed to give notice of their intention to contest the election within the 30-day period prescribed by Article 9.03 of the Texas Election Code [2], and therefore the court had no jurisdiction to determine the election contest. After a hearing, the trial court sustained the District's Plea in Abatement and dismissed appellants' suit. From such ruling and judgment, appellants perfected this appeal.

We affirm.

The record shows that the notices posted by the District notifying the public of the subject matter on the agenda for the meeting at which the bond election was called were as follows:

"Discussion with Larry Claycomb, architect, and Noel Johnson, Bond Consultant."

At the meeting which was subsequently held on February 2, 1978, the School Board passed the following resolution:

"That a school bond election in the amount of Two Million Dollars be held on March 4, 1978. (Order attached.)"

The election was held on March 4, 1978, and on March 6, 1978, the School Board certified the results of the election and ordered that the bonds be issued and sold. Thereafter, appellants filed the present suit on April 21, 1978, some six weeks after the results of the election had been declared.

The cause was submitted to the trial court upon the following stipulation of facts:

"MR. JACKSON: Your Honor, if we may, I would like to make an attempt to state a stipulation, with the understanding that Mr. Moore may want to add to it or disagree with certain portions of it. Come now the parties and by and through their attorneys of record and for the purpose on the hearing of the defendants' Plea to the Jurisdiction or Plea in Abatement, for the purpose he waives hearing evidence. On January 23, the Board of Trustees of the Brownsboro Independent School District caused to be posted, both at the school administration building and through the County Clerk's office, notice of a meeting of that Board of Trustees to be held on February 2, 1978. The meeting of February 2 was held in accordance with the posted notices, and in that meeting of February 2, 1978 the following resolution was adopted:

'That a school bond election, in the amount of two million dollars be held on March 4, 1978. (Order attached.)' The approved minutes reciting: 'Motion by Tom Crow, seconded by Billy Dingler, that a school bond election in the amount of $2,000,000 be held on March 4, 1978. (Order attached). Motion carried by all.'

1. "Written notice of the date, hour, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section, and any action taken by a governmental body at a meeting on a subject which was not stated on the agenda in the notice posted for such meeting is voidable."

2. "Any person intending to contest the election of any one holding a certificate of election for

any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared."

"The bond election was duly called on March 4, 1978 and the Board of Trustees of the Brownsboro Independent School District, in open meeting on March 6, canvassed the results of that election. The officials certified the results of the election as the bond having been approved.

"Plaintiffs' Original Petition in this cause was filed on April 21, 1978, alleging with respect to the matters before the Court, in this hearing, the facts of the notice of January 23, 1978 and the action of the Board at its meeting on February 2, 1978, and asking that the Court determine that all actions taken by the Board with respect to, specifically for this hearing, with respect to the bond election, be declared null and void and of no force and effect whatsoever, for the reason that the notice, posted on or about January 23, 1978 of the meeting of February 2, 1978, was wholly insufficient, within the meaning of Article 6252–17, the Texas Open Meeting Law.

"It is further stipulated that Plaintiffs' Original Petition filed on April 21, 1978, was the first and is the only written notice given or delivered by plaintiffs or any one of them or any one for them, in their intention to contest the bond election of March 4, 1978, and was the first and only written statement of the grounds for such contest.

"It is further stipulated that there are no irregularities alleged by plaintiffs with respect to the bond election of March 4, other than the non-compliance with the Open Meeting Law, Article 6252–17, by the failure of the defendants to include in the posted notice, the action of calling a bond election.

"It is further stipulated that plaintiffs and all of them did in fact know of the bond election and of the date of the canvass of the return of the results of that election; that there was no written notice, within thirty days of the Board's return of the result of that election, of their intent to contest the election or the grounds of any such contest. I believe that is the stipulation as I would see it.

"BY THE COURT: Mr. Moore, can you stipulate those facts or do you care to add to them or delete them?

"MR. MOORE: Your Honor, I only have one small disagreement with the Statement of Facts and that was a statement that the election was duly held. If that includes the election order was signed or passed at a meeting, which was a legal meeting, I object to that. That's the principal of the lawsuit, that the election order is void, for the reason that it was passed at a meeting at which no adequate notice was given.

"MR. JACKSON: Your Honor, as I understand what Mr. Moore is saying, I think I have no disagreement with it. The sole issue before this Court, as I understand it, raised by plaintiffs with respect to this bond election, is that the election was called at meeting for which there had not been sufficient notice given, in accordance with Article 6252–17 of the action taken by the Board in calling that bond election.

"MR. MOORE: That's correct, Your Honor."

By a single point of error appellants contend that the trial court erred in ruling that it was without jurisdiction to determine whether the order calling the bond election was void and to declare such election null and void, because the suit filed by appellants does not constitute an election contest. In this connection, appellants take the position that an election contest is strictly limited to the grounds contained in Chapter 9 of the Texas Election Code, such as fraud and other irregularities taking place on the day of election. Therefore they argue that since their suit does not challenge the validity of the election on those grounds, their suit does not amount to an election contest. Consequently it was not necessary to give the 30-day statutory notice of the contest in order to confer jurisdiction on the court. In reply, the School District maintains that the suit amounts to an election contest because it attacks the validity of the order calling the election and requests the court to declare the order void which would have the

effect of voiding the entire election. Thus the outcome of this appeal is made to turn on whether appellants' suit constitutes an election contest.

Article 9.30 of the Texas Election Code provides as follows:

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town, or village, any resident of such county, precinct, city, town, or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter [arts. 9.01–9.38] for contesting the validity of an election for a county office. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 158."

■ As we interpret the provisions of the foregoing statute, an election "contest" is meant to embrace any type of suit in which the validity of an election or any part of the elective process is made the subject matter of the litigation. *Clary v. Hurst,* 104 Tex. 423, 138 S.W. 566, 571 (1911); *Garza v. City of Robstown,* 483 S.W.2d 32 (Tex.Civ.App.— Corpus Christi 1972, no writ history).

In *Dickson v. Strickland,* 114 Tex. 176, 265 S.W. 1012, 1018 (1924), the Supreme Court of this state delineated the various facets of an election process which are subject to attack in a suit challenging the validity of the election. In that case, the court said:

"An election contest necessarily involves questions of both fact and law. It may be predicated upon a status or upon facts which existed before an election, upon what took place at the election, and perhaps in some instances upon a status or what took place after an election. . .

" . . . In determining what a 'contested election' is, we must bear in mind that an election in this state is not a single event, but a *process,* and that the entire *process* is subject to contest."

A review of the authorities reveals that the courts of this state have consistently followed the foregoing rule and have held that where an attack is made on the validity of the election process such suit must be classified as an election contest. *Turner v. Lewie,* 201 S.W.2d 86, 88 (Tex.Civ.App.— Fort Worth 1947, writ dism'd); *Rawson v. Brownsboro Independent School District,* 263 S.W.2d 578, 580 (Tex.Civ.App.—Dallas 1953, writ ref'd n. r. e.); *Kennedy v. Burnet Independent School District,* 474 S.W.2d 742, 746, (Tex.Civ.App.—Austin 1971, no writ history); *Garza v. City of Robstown,* 483 S.W.2d 32 (Tex.Civ.App.—Corpus Christi 1972, no writ history). Appellants' suit, although in the form of declaratory judgment action, clearly attacks the order for the election and hence constitutes an attack upon the election process.

■ On the basis of the foregoing authorities, we are convinced that appellants' suit amounted to an election contest. This being the case, in order to invoke jurisdiction of the court, appellants had the burden of alleging and proving that they gave notice to the District of their intention to contest the election and the grounds therefore within thirty days after the return day of the election. The giving of such notice is mandatory and is a prerequisite to an election contest. Article 9.03, supra; *Mitchell v. Carroll Independent School District,* 435 S.W.2d 280 (Tex.Civ.App.—Fort Worth 1968, writ dism'd).

Appellants having stipulated that the mandatory 30-day notice requirement was not given, the trial court lacked jurisdiction to hear the matter and properly sustained the District's Plea in Abatement. This conclusion is supported by Article 9.36 of the Texas Election Code which reads in part as follows:

" . . . If no contest of said election is filed and prosecuted in the manner and within the time herein provided for, it shall be conclusively presumed that said election as held and the result thereof as declared are in all respects valid and binding upon all courts, provided, that pending such contest the enforcement of

all laws in relation to the subject matter of such contest shall not be suspended, but shall remain in full force and effect."

Since the trial court lacked jurisdiction to determine the subject matter of appellants' suit, the question of whether the order calling the bond election was void under the provisions of the Texas Open Meeting Law is not before us. Consequently any discussion of that question would be purely academic and unnecessary.

For the reasons stated, the judgment of the trial court is affirmed.