CARTER et al. v. WHITE et al.    (No. 7122.)

(Court of Civil Appeals of Texas. San Antonio. March 26, 1924.)

1. Injunction ⬤⟊22—Where objects sought to be enjoined were accomplished facts, question was moot precluding granting of perpetual injunction.

Where, at the time of issuance of a temporary writ of injunction to enjoin school trustees from tearing down a school building and commanding them to return the lumber from that building and to reconstruct it, the tearing down of the building was an accomplished fact and the material had been incorporated into a new building in another county, the writ never had anything upon which it could operate, and a perpetual injunction would not be granted, the question being moot.

2. Schools and school districts ⬤⟊74—Residents of county of old schoolhouse in consolidated district held not entitled to damages for tearing it down and using material for new one.

Where trustees of an old school district, who had charge and control of an old schoolhouse which was torn down by order of trustees of a consolidated district, composed of the old and another district, and the materials thereof used in the construction of a new schoolhouse in the consolidated district, did not complain, residents of the county of the old schoolhouse held not entitled to damages in the absence of a showing of any interest in the schoolhouse, independently of whether the two school districts were properly consolidated.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Injunctive suit by Tom Carter and others against Charles White and others, as trustees of a school district, in which Lee Conway and others intervened. From a judgment dissolving a preliminary writ and denying relief, plaintiffs appeal. Affirmed.

Martin & Hook, of Weatherford, for appellants.

Grindstaff & Zellers, of Weatherford, for appellees.

FLY, C. J. This is an application for a mandatory injunction by Tom Carter, for himself and a number of other residents of Parker county, against T. H. Johnson, C. A. White, and J. E. Collins, of Hood county, trustees of a school district known as Herring-Hightower school district No. 23, of Hood county, to restrain them from tearing down a certain "frame church house and community building, and commanding them to return such lumber of said building as they have taken away from said site, and to reconstruct said building on said site as it was before they commenced to tear it down." Lee Conway intervened, claiming that he had purchased the land on which

the house was situated, and that he had made a parol gift of the house to the trustees of Blair Valley school district, and he desired to be quieted in his title to the building. A number of others intervened adopting the pleadings of the plaintiffs. In a trial amendment the plaintiffs and interveners prayed in the alternative for $750. A temporary writ of injunction was issued, as prayed for, and on a hearing on the merits the temporary writ was dissolved, and it was adjudged that appellants take nothing by their suit, that Lee Conway be quieted in his title to the land, and that the appellants pay all costs of suit.

Two school districts, one in Parker county and the other in Hood county, adjoining each other on the county lines, were consolidated into one district and three trustees duly appointed for the consolidated district. There were old schoolhouses in the two old districts, which were torn down by the trustees of the new district, and the material used in a central location to erect a better and more modern schoolhouse. The schoolhouse in controversy was built in the Parker county district in 1885, or 1886, by popular subscription, and has, since that time, been used as a public schoolhouse and was under the control of the old district trustees. It was built with the understanding that it would be used by any denomination for church purposes, when it did not interfere with the school. The primary and chief purpose of the house was its use for education of the children. It was used by the Methodists and Baptists for a few years, but they ceased to use it and for at least 27 years no religious organization has regularly used it, but occasional services have been held by different denominations. Bonds were voted by the consolidated district and a new schoolhouse located in an easily accessible place for all the children of the district. When the writ of injunction was applied for, the old house had been torn down and a large part of the material used in building the new schoolhouse, which rendered is impossible to rebuild the old house with the same material. Some of the people in the Parker county district objected to the old house being torn down, and instituted this suit.

[1] At the time the temporary writ of injunction was granted, tearing down the house was fait accompli—an accomplished fact—and the material had been incorporated into the new building. The writ was one which could not be executed when issued. It was still born. It had no office to perform, no reason for its existence. The house was down, the material had been removed from the county of the issuance of the writ, and had been shaped and built into another house in another county. It would be folly to hold that an injunction should be made perpetual when it has not now and

never had anything upon which it could operate. It is purely a moot question. Jones v. Montague, 194 U. S. 147, 24 Sup. Ct. 611, 48 L. Ed. 913.

[2] There is a prayer in a trial amendment for $750, but there is no allegation of any such interest in the subject-matter of the suit as would entitle appellants to a recovery. The building did not belong to them. It was erected for a school building, and was used for a school building until the district in which it was situated was dissolved. State funds had been used in repairing the building. Tom Carter was the moving spirit, and swore that he was "the plaintiff." He showed no interest in the building or authority to sue for it. The house was in bad condition, no one seeing to it or exercising any control over, or care for it. Cattle at times quartered themselves in it. The property was shown to be a public schoolhouse and was under the control of the board of trustees of the old—the Blair Valley—district.

The material in the old building was not sold, nor destroyed, but was kept in the school community and used for building another and a better building for the use of the children of the community, and, which would give the children more modern and more comfortable quarters in which to receive an education.

It is a matter of no importance whether the two school districts are properly consolidated or not; appellants have not shown any authority whatever for endeavoring to take up the cudgels for the old school district, the trustees of which had possession, charge and control of the old house for school purposes. The district trustees have not complained, and appellants have no legal ground for complaint.

The judgment is affirmed.