Harold H. HITT, Superintendent, Dr. William R. Elizondo, President of the Board of Trustees, Oscar Cisneros, Board Trustee, Victor Rodriguez, Superintendent-Elect, the San Antonio Independent School District, its Agents, Employees, Servants and Attorneys, Appellants,

v.

Frances MABRY, Plaintiff and the San Antonio Teachers Council, Intervenors, Appellees.

No. 04–82–00397–CV.

Court of Appeals of Texas, San Antonio.

Feb. 26, 1985.

See also, Tex.App, 643 S.W.2d 765.

Roy R. Barrera, Sr., Nicholas & Barrera, Inc., San Antonio, for appellants.

Phil Hardberger, San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

BUTTS, Justice.

Defendants[1] appeal from a permanent injunction enjoining them from (1) conducting informal meetings or telephone conferences to discuss public business or public policy with regard to the San Antonio Independent School District in violation of the Texas Open Meetings Act, Texas Rev.Civ. Stat.Ann. art. 6252–17 (Vernon Supp.1985),[2] and (2) using San Antonio Independent School District funds to disseminate political information not involving school district matters. Plaintiff Frances Mabry, a trustee of the San Antonio Independent School District, applied for a permanent injunction with a temporary restraining order and injunction. The San Antonio Teachers' Counsel intervened as party plaintiff, requesting a permanent injunction. We modify the permanent injunction and, as modified, we affirm.

The event precipitating Mabry's application for permanent injunction with temporary restraining order was her discovery that defendants intended to mail out a letter to all parents residing in the San Antonio Independent School District, advising recipients of their voting rights and stating the message was a service of the school district's Board of Trustees. It was signed by the secretary of the board, Cisneros, and the president, Elizondo.

Mabry testified she believed the letter was improper because Cisneros would receive publicity for his candidacy for a judgeship and additionally, there had been no discussion of the letter in an open meeting of the board.

A temporary restraining order had been issued to prevent the distribution of the letter; however, it was dissolved before the permanent injunction trial. The distribution of the letter followed.

In his affidavit, Elizondo, president of the Board of Trustees of SAISD, acknowledged the letter at issue represented a loss of $2,000 were the district to be prohibited from issuing it. At trial, Elizondo confirmed the letter was drafted after he conducted an informal telephone poll of the Board and also admitted that any expenditures in excess of $1,000 mandate board approval. Hitt, the superintendent, testified he agreed to send out the letter only at the request of Elizondo.

A portion of the Policies, Rules and Regulations of SAISD, entitled TRANSACTING DISTRICT BUSINESS was admitted into evidence. One section of those rules provides:

1. *Official Action*

    The Board can transact business that is binding on the District only when it is in official session, has a quorum present, and minutes are kept. Action based on decisions made by the Board, even though there is a dissenting minority of the Board, shall be binding on the whole Board and such dissenting minority made a matter of public record.

In addition to the letter, the record indicates that other matters were considered and acted upon outside mandated official sessions: (1) the hiring of Neff Limon for security reasons at a cost of $15,000, and nonrenewal of Rodriguez's employment

---

1. Defendants include Harold H. Hitt, Superintendent, Dr. William R. Elizondo, President of the Board of Trustees, Oscar Cisneros, Board Trustee, Victor Rodriguez, Superintendent-Elect, The San Antonio Independent School District, its agents, employees, servants and attorneys. We refer to the San Antonio Independent School District As SAISD.

2. Unless otherwise noted, all statutory references will be to the Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Vernon Supp.1985). We refer to the Open Meetings Act as the OMA.

contract; (2) the remodeling of central administration offices at a cost of $100,000; (3) the rebuilding of Edison High School subsequent to a fire, SAISD paying $10,000, the bulk of the cost covered by insurance, and; (4) Achievements Awards Day at Alamo Stadium at a cost of $15,000. While employment of Limon and nonrenewal of the contract of the contract of Rodriguez may be exempted by the provisions of the OMA, § 2(j) and § 2(g),[3] pursuant to the school district's regulations, specifically the provisions of the SAISD TRANSACTING DISTRICT BUSINESS, *supra*, plaintiffs could properly require public meetings on these issues. *See Shackelford v. City of Abilene*, 585 S.W.2d 665, 667 (Tex.1979). Defendants bring seven points of error. The first two challenge generally the validity of the injunction. In point of error three, defendants challenge section one of the injunction, *infra*. In points of error four through seven, defendants challenge section two of the injunction, *infra*. Because the language of the injunction is central to the arguments, we set out pertinent parts:

## PERMANENT INJUNCTION

\*  \*  \*  \*  \*  \*

It is the finding of the Court that the Defendants committed various and repeated violations of the Texas Open Meetings Act [Tex.Rev.Civ.Stat.Ann. art. 6552–17 (Supp.1982)]. Specifically, the Defendants, individually and collectively, have held meetings and/or engaged in deliberations to discuss public business or public policy and to arrive at a decision on public business or public policy with respect to the SAN ANTONIO INDEPENDENT SCHOOL DISTRICT without compliance with Sections 2(a)

and 3A of the Act; that is, such meetings and/or deliberations were held without proper notice having been given, nor were they open to the public, nor did it involve matters requiring closed or executive meetings or sessions. The Court further finds that even if such matters required closed or executive meetings or sessions, said meetings and/or deliberations were not in compliance with Sections 2(a) and 3A of the Act as no proper notice was given nor did the Presiding Officer at an open meeting or session publicly announce that a closed or executive meeting or session would be held. The Court further finds that DR. WILLIAM R. ELIZONDO, President of the Board of Trustees of the SAN ANTONIO INDEPENDENT SCHOOL DISTRICT, has on various and repeated occasions engaged in deliberations with other Member of the Board of Trustees to discuss public business or public policy and to arrive at a decision on public business with regard to the SAN ANTONIO INDEPENDENT SCHOOL DISTRICT by way of telephone conferences in violation of Sections 2(a) and 3A of the Act.

The Court specifically finds that the Defendants have violated the Texas Open Meetings Act in the past and there is a threat that they will do so in the future.

It is, therefore, ORDERED, ADJUDGED and DECREED that a Permanent Writ of Injunction be issued restraining and enjoining the Defendants, DR. WILLIAM R. ELIZONDO, President of the Board of Trustees; OSCAR CISNEROS, Secretary of the Board of Trustees; all other Members of the Board of Trustees; HAROLD H. HITT, Superintendent, VICTOR RODRIGUEZ,

---

**3.** Article 6252–17 § 2:

\*  \*  \*  \*  \*  \*

(g) Nothing in this Act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, unless such officer or employee requests a public hearing.

\*  \*  \*  \*  \*  \*

(j) Nothing in this Act shall be construed to require governing bodies to deliberate in open meetings regarding the deployment, or specific occasions for implementation, of security personnel or devices.

Superintendent-Elect; any other future Member of the Board of Trustees; their agents, employees, servants and representative of the Defendants from:

(1) Conducting any meetings or engaging in deliberations to discuss public business or public policy or in arriving at a decision on public business or public policy with regard to the SAN ANTONIO INDEPENDENT SCHOOL DISTRICT by way of telephone conferences, or by private or informal meetings.

(2) Using SAN ANTONIO INDEPENDENT SCHOOL DISTRICT funds to disseminate political information, not involving school district matters.

\*　　\*　　\*　　\*　　\*　　\*

■ The first question raised is whether the injunction should apply not only to the Board of Trustees but also to its staff. Defendants argue that the OMA applies only to governmental bodies but not to staff. The words of the injunction clearly enjoin the Board and its staff, the staff being enjoined only when it becomes an integral part of the governmental body. Under the OMA, a governmental body is definitionally the board of trustees of every school district. § 1(c). Section 2(a) of the OMA mandates that a governmental body shall convene in open meetings, except as otherwise provided by the Act or the Constitution. If the meeting is composed only of staff, there is no open meeting requirement. *See* Op.Tex.Att'y Gen. H–772 (1976). However, when a meeting involves members of both the Board and the staff, an open meeting may be required. We do not agree with defendants that no reason exists to require the meeting to be open when staff is present. It is to be remembered also TEX.R.CIV.P. 683 provides that an injunction is binding "upon the parties to the action, their officers, agents, servants, employees, and attorneys ..." Mindful of this rule, we hold that an injunction invoking the OMA requirements properly encompassed both the Board of Trustees and its staff under the facts of this case. Point of error one is overruled.

Defendants next complain that more parties are enjoined than prayed for in the application for injunction. In its application plaintiff Mabry prays that only William Elizondo and Oscar Cisneros be enjoined from engaging in telephone surveys to conduct the official business of the Board. However, intervenor's petition contains allegations which include those other individuals not mentioned in plaintiff's application. But it does not include future members of the Board. In the permanent injunction itself, "any other future members of the Board" are also enjoined.

■ Persons seeking the extraordinary remedy of injunction must be specific in pleading the relief sought, and the courts are without authority to grant relief beyond that so specified. *San Augustine Independent School District v. Woods*, 521 S.W.2d 130, 132 (Tex.Civ.App.—Tyler 1975, no writ). On the other hand, an injunction should be broad enough to prevent a repetition of the evil sought to be corrected. *San Antonio Bar Association v. Guardian Abstract & Title Co.*, 156 Tex. 7, 291 S.W.2d 697, 702 (1956). It is noteworthy that section three of the OMA specifically provides for the remedy of injunction to prevent violations or threatened violations of the Act. Since the Board of Trustees, by nature, is always in flux, it would be impracticable to issue a permanent injunction enjoining only present members of the Board. In fact, there have been recent changes. *See* 31 TEX.JUR.2d *Injunctions* § 11 (1962). An injunction being an equitable remedy, we have weighed the respective conveniences and hardships of the parties and balanced the equities. We accordingly determine the injunction will continue. Further, we determine that the parties named in the judgment shall continue to be enjoined. *Id.* at § 4. *See Lower Nueces River Water Supply District v. Live Oak County*, 312 S.W.2d 696, 701 (Tex.Civ.App.—San Antonio 1958, writ ref'd n.r.e.).

■ Although defendants also complain in point of error two that the prayer does not articulate the relief as granted, the

petitions of Mabry and the Teachers' Council both address alleged violations of the OMA. As announced in the judgment, the trial court and the parties treated the trial as one based upon several violations of the OMA in addition to the specific violations contained in the prayer. The general tenor of the trial was that all the matters set forth in the judgment were before the court. At no time did defendants complain by special exception or by objection that the scope should be limited or that the matters could not be heard. Any defect in the pleadings or any objection to limit the scope of the injunction was waived because it was not brought to the attention of the trial court before the rendition of the judgment. *J.D. Abrams, Inc. v. Sebastian*, 570 S.W.2d 81, 84 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); TEX.R.CIV.P. 90; 67. Point of error two is overruled.

■ In point of error three, defendants challenge the scope of the acts enjoined in section one of the injunction. We agree with defendants and find that barring all members of the Board as well as employees of the SAISD from the use of telephone conferences to discuss public business is too broad. A decree of injunction must not be so broad as to enjoin a defendant from activities which are a lawful and proper exercise of his rights. *Villalobos v. Holguin*, 146 Tex. 474, 208 S.W.2d 871, 875 (1948). We doubt the existence of any legal authority, nor has any been cited, that would authorize the enjoining of school administrators, for example, from discussing public business on the telephone or at an informal meeting. *San Antonio Independent School District v. Woods*, 521 S.W.2d 130, 133 (Tex.Civ.App.—Tyler 1975, no writ). We, therefore, limit and modify the acts to be enjoined in section one of the permanent injunction to the following:

Arriving at a decision involving public business or public policy affecting SAISD by way of private informal meetings or conferences, including telphone polls of the members of the Board, and in conjunction therewith;

(1) Failing to give proper notice of the meetings of SAISD Board, as required in § 3A(e)

(2) Failing to open to the public every regular, special or called meeting of the Board of Trustees as required in § 2(a)

(3) Failing to announce at an open meeting of the SAISD Board the topic(s) to be discussed at a closed or executive session, as required in § 2(a).

In point of error four, defendants argue that "[T]he trial court erred in entering section two of the injunction because there is no legal or factual basis upon which to grant such relief." *See* § 2, *supra*. We construe this as a contention that there is no evidence or insufficient evidence to support section two.

■ The standards of review are well known. In deciding a no evidence point, which is a question of law, we may consider only that evidence and the reasonable inferences therefrom which, when viewed in its most favorable light, support the court finding, and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981). After deciding a no evidence point, the court then considers the insufficient evidence point by examining all of the evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). When the judgment to be reviewed is an injunction, the evidence must show that the activity complained of is one which would merit a grant of relief in the form of an injunction and, further, that there has been a settled course of conduct by the defendant, continuing to the time of trial. *Texas Pet Foods, Inc. v. State*, 529 S.W.2d 820, 827 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). If there is proof of these requisites, the trial court may assume the complained of activity will continue, absent proof to the contrary. *Scott v. Williams*, 607 S.W.2d 267, 271–72 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.).

■ In our review, we find the only evidence presented at trial upon which to

base an injunction prohibiting SAISD's dissemination of *political information not involving school district matters at school district expense* is the above noted letter signed by the president and secretary. But the trial court dissolved the temporary restraining order, and the letter was mailed out to the parents before the injunction trial. The evidence at trial concerned a matter which was a *fait accompli.* While this court does not condone the action, it is plain that an injunction cannot issue to prohibit what has already been accomplished. There is nothing upon which a permanent injunction may issue when there is nothing upon which it may operate. *Carter v. White,* 260 S.W. 276, 277 (Tex. Civ.App.—San Antonio 1924, no writ). Since the record does not reflect any evidence that other acts of *disseminating political information not involving school district matters at school district expense* have occurred or will likely occur in the future, we find there is no basis for this order of injunctive relief. *See Combined American Insurance Co. v. City of Hillsboro,* 421 S.W.2d 488 (Tex.Civ.App.—Waco 1967, writ ref'd n.r.e.). A permanent injunction based upon mere speculation that one act which has occurred in the past may possibly occur in the future would not be proper. The record is devoid of evidence to support the injunctive relief order in section two of the permanent injunction. Point of error four is sustained. We accordingly set aside section two of the injunction, thereby obviating the necessity to address points of error five through seven.

Having modified section one and set aside section two of the injunction, we affirm the judgment as modified.

CADENA, Chief Justice, dissenting.

The injunction is too broad, even as modified by the majority opinion, and goes beyond the relief prayed for by plaintiffs.

Insofar as the Open Meetings Act is concerned, the petition alleges that two defendants, Elizondo, President of the Board of Trustees, Cisneros, Secretary of the Board, and Board members Ward and Lo-

pez "have engaged in a continuous and repetitive pattern of illegal informal telephone polls ... to conduct" School District Business. The petition further alleges that such informal telephone polls "discuss public issues and result in meetings that had not been properly noticed with date, time, place and subject matter," and that the continued use of such polls is a "conspiracy to circumvent the provisions of the Act by meeting in numbers less than a quorum for the purpose of secret deliberations."

In the prayer plaintiff sought to permanently enjoin Elizondo and Cisneros and "their agents, employees, servants or attorneys from using telephone surveys or polls to conduct any business ..." of the School District. This is the only prayer for injunctive relief which can be said to have even a remote connection with the provisions of the Open Meetings Act.

The majority opinion correctly points out that one seeking injunctive relief must be specific in pleading the relief sought, and that a trial court has no authority to grant relief beyond that so specified. It is true, of course, that injunctions, to give effective relief should be broad enough to prevent a repetition of the evil sought to be corrected.

Even the most liberal interpretation of the pleadings reveals that the specific relief sought was an injunction preventing Elizondo and Cisneros, as well as their agents, employees, servants or attorneys "from using telephone surveys or polls to conduct school district business."

The injunction, as modified by this court, does not expressly grant the only relief sought, since it does not mention telephone polls or surveys. It can be conceded that the injunction which this court would issue, by requiring the giving of proper notices, requiring that all meetings be open to the public and requiring the announcement at an open meeting of the topics to be discussed in executive session, effectively prevents the use of informal telephone surveys or polls. But it is clear that the issuance of such an injunction goes far beyond the prayer for injunctive relief in

that it is not restricted to the use of telephone surveys and polls.

There is another difficulty with the injunction as modified. Plaintiffs alleged that the use of telephone polls was a conspiracy to circumvent the provisions of the Open Meeting Act, but it is not a violation of § 2, which requires that every meeting of a government body shall, with some exceptions not here relevant, be open to the public. According to § 1(a), the word "meeting" means "and deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken." As applicable to this case, the "governmental body" which is required to meet publicly is the Board of Trustees, and the requirement that meetings of that body be public applies only when a quorum is present, since in the absence of a quorum there is no "meeting." Notice of deliberations is required only where the deliberation involves a quorum. Plaintiffs' pleadings do not allege that "meeting" as defined in § 1, were held without being open to the public following proper notice.

The injunction also restrains members of the Board who are not accused of violations of the Open Meetings Act in plaintiffs' pleadings and who are not named as defendants. The only members of the Board who are named as defendants are Elizondo and Cisneros. The trial court, in its judgment, speaks only of violations by "defendants." Yet the injunction is made applicable to all members of the Board, including even the Board member who is plaintiff in the case.

The petition names the superintendent and superintendent-elect, "the San Antonio Independent School District its Agents, Employees, Servants and Attorneys" as defendants, in addition to Elizondo and Cisneros. The injunction also purports to bind such other defendants who are not members of the Board of Trustees.

It is patent that the Open Meetings Act does not apply to the superintendent, superintendent-elect or other members of the staff of the school district, nor does it apply to the school district itself. The prohibition against secret meeting applies only to meetings of the "governmental body," that is, the Board of Trustees. Neither the superintendent, the superintendent-elect or other members of the staff can, under any circumstances, hold a meeting involving "a quorum of members" of the governmental body. Staff meetings are beyond the reach of the statute. The provisions for injunction and mandamus found in § 3 are expressly designed to prevent "violations or threatened violations of this Act by members of a governing body." The penalties provided in § 4(a) apply only to

any member of a governing body who willfully calls or aids in calling or organizing a special or called meeting or session which is closed to the public, or who willfully closes or aids in closing a regular, special or called meeting or session which is closed to the public where a closed meeting is not permitted by the provisions of this Act, shall be guilty of a misdemeanor . . .

Similarly, § 4(b), which makes it a misdemeanor to conspire to circumvent the provisions of the statute by meeting in numbers less than a quorum is applicable only to "any member of group of members of a governing body." The Legislature, at least, recognized that the statute imposed duties only on governing bodies and their members, that only governing bodies or their members could violate the statute, and that actions by persons who are not members of the governing or governmental body cannot violate the provisions of the statute. It is idle to attempt to enjoin violations of a statute by persons who, no matter what actions they take or fail to take, cannot be guilty of violating the statute.

Rule 683, which provides that an injunction shall be binding on the "parties . . . their officers, agents, employees and attorneys" is completely irrelevant here. It cannot be seriously argued that the Rule

broadens the statutory prohibitions or imposes duties not imposed by the statute. In the ordinary case, if the injunction is to protect the aggrieved person effectively, it may be necessary to make the injunction binding on the agents, etc. of the parties, since the acts of the representatives of the parties may violate the rights of the complainant as effectively as the acts of their principals or superiors who are parties to the injunction case. Further, in such cases the act of the subordinate is viewed as the act of his principal. In the case before us, the act of, say, the superintendent is not the act of the governmental body nor of any member of that body. No matter how earnestly the representative of the school district attempt to do that which the statute prohibits, their actions cannot result in a violation of the statute.

It should also be pointed out that, as alleged in plaintiff's pleadings, the persons sought to be enjoined, other than Elizondo and Cisneros, are employees, etc., of the school district. They are not employees of the Board of Trustees or of any member of that Board.

The point finds illustration, for example, in that portion of the injunction, as modified by the majority opinion, which enjoins the agents, etc., of the "defendants" from "Failing to announce at an open meeting of the SAISD Board the topic(s) to be discussed at a closed or executive session, as required in § 2(a)." The relevant provision of § 2(a) prohibits closed meetings "unless the governmental body has first been convened in open meeting ... for which notice has been given ... and during which open meeting or session the presiding officer has publicly announced that a closed or executive session." It is, of course, impossible for even the superintendent to comply with the requirements of § 2(a). Since the duty is imposed only on the presiding officer, no representative of the District other than the presiding officer of the governmental body can make the required announcement, and the absence of the required announcement is not a failure of, say, the superintendent to make any announcement which he is required to make.

I know of no considerations which can justify the action of a court in requiring, under threat of contempt proceedings, a person to do that which no rule of law requires him to do, or to refrain from doing that which he is not forbidden to do by any known rule of law.