ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 18, 2005

The Honorable Tom Maness                     Opinion No. GA-0326
Jefferson County Criminal District Attorney
1001 Pearl Street, 3rd Floor                 Re:   Proper construction of Government Code
Beaumont, Texas 77701-3545                   section 551.143 and whether it is unconstitutionally
                                             vague  (RQ-0291-GA)

Dear Mr. Maness:

You ask about the proper construction of section 551.143 of the Government Code and whether it is unconstitutionally vague.[1]

I.     **Background**

Section 551.143, an Open Meetings Act enforcement provision, reads in relevant part:

> (a) A member or group of members of a governmental body commits an offense if the member or group of members knowingly conspires to circumvent this chapter by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of this chapter.

> (b) An offense under Subsection (a) is a misdemeanor . . . .

TEX. GOV'T CODE ANN. § 551.143 (Vernon 2004); *see also* Open Meetings Act (the "OMA"), *id.* §§ 551.001-.146 (Vernon 2004 & Supp. 2004-05).

You observe that in the past two years your office has conducted two investigations into allegations that public officials within your jurisdiction violated section 551.143. *See* Request Letter, *supra* note 1, at 1. Although the allegations did not lead to criminal prosecution, you are nonetheless concerned about the substantial disagreement among interested parties regarding the provision's correct construction and constitutionality. *Id.*

---

[1]Letter from Honorable Tom Maness, Jefferson County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Nov. 3, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Specifically, you note that "the problem in interpretation arises in part from the definitions section of the [OMA]," which you suggest renders section 551.143 meaningless. *Id.* at 2; *see also* TEX. GOV'T CODE ANN. § 551.001 (Vernon Supp. 2004-05). Section 551.143 criminalizes "*meeting* in numbers less than a quorum for the purpose of secret *deliberations.*" *See* TEX. GOV'T CODE ANN. § 551.143(a) (Vernon 2004) (emphasis added). The provision, however, does not define these terms separately for its purposes and therefore relies on section 551.001, the general OMA definitional provision, to supply the definitions. And section 551.001 defines "meeting"and "deliberation" in terms of a governmental body quorum. *See* Request Letter, *supra* note 1, at 2; TEX. GOV'T CODE ANN. § 551.001(2), (4) (Vernon Supp. 2004-05).[2] Thus, you consider section 551.143 defective because on its face it would be impossible for individuals to meet or deliberate in groups less than a quorum to knowingly circumvent the Open Meetings Act. *See* Request Letter, *supra* note 1, at 2-3.

---

[2]"'Deliberation' means a verbal exchange during a meeting between a *quorum* of a governmental body, or between a *quorum* of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business."

TEX. GOV'T CODE ANN. § 551.001(2) (Vernon Supp. 2004-05) (emphasis added).

And "meeting" is defined as:

> (A) A deliberation between a *quorum* of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action; or
>
> (B) except as otherwise provided by this subdivision, a gathering:
>
>> (i) that is conducted by the governmental body or for which the governmental body is responsible;
>>
>> (ii) at which a *quorum* of members of the governmental body is present;
>>
>> (iii) that has been called by the governmental body; and
>>
>> (iv) at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control. The term does not include the gathering of a *quorum* of a governmental body at a social function unrelated to the public business that is conducted by the body, or the attendance by a *quorum* of a governmental body at a regional, state, or national convention or workshop, if formal action is not taken and any discussion of public business is incidental to the social function, convention, or workshop. The term includes a session of a governmental body.

*Id.* § 551.001(4) (emphasis added).

In light of its apparent circularity, you ask that we apply section 551.143 to a hypothetical situation in which, with the requisite culpable mental state, a county commissioner makes successive telephone calls to other members of the commissioners court to discuss public matters and to urge that the other members vote on those matters in a certain way. *See id.* at 3.

## II.     Analysis

### A.     Proper Construction of Section 551.143

To answer your questions, we return to section 551.143 and note that a violation is dependent on proof of the presence of an actor or actors, subject to the OMA, who knowingly conspire to circumvent the act's requirements by meeting in numbers less than a quorum for the purpose of secret deliberations. *See* TEX. GOV'T CODE ANN. § 551.143(a) (Vernon 2004). Because it is the phrase "meeting in numbers less than a quorum for the purpose of secret deliberations" about which you express concern, we focus on its meaning.

In construing a statute we are charged with determining and giving effect to the legislature's intent. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). This is accomplished by establishing the "plain and common meaning of the statute's words." *Id.* Generally, if a statute's meaning is unambiguous, we interpret the statute according to its plain meaning. *Id.* Furthermore, we presume that, *inter alia*, a statute is constitutional and that a result feasible of execution is intended. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 2005).

Initially, and important to this analysis, we agree with you that "meeting" in section 551.143 is not defined by the OMA's general definition of the term. *See* Request Letter, *supra* note 1, at 2; TEX. GOV'T CODE ANN. §§ 551.143(a) (Vernon 2004), 551.001(4) (Vernon Supp. 2004-05). That is, the section 551.001 definition of "meeting" as a noun does not apply here because section 551.143 employs the word as a verb. *See* Request Letter, *supra* note 1, at 2; TEX. GOV'T CODE ANN. §§ 551.143(a) (Vernon 2004), 551.001(4) (Vernon Supp. 2004-05). Thus, the phrase "meeting in numbers less than a quorum" does not present a legal dilemma because the plain meaning of "meeting" as a verb does not require a quorum.[3] Furthermore, we read "meeting in numbers less than a quorum" to have a particular meaning that does not render the provision circular.

The OMA does not require that governmental body members be in each other's physical presence to constitute a quorum. *See* TEX. GOV'T CODE ANN. § 551.001(6) (Vernon Supp. 2004-05) (defining "quorum" simply as a majority of a governmental body). As such, we construe section 551.143 to apply to members of a governmental body who gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly discuss a public matter with a quorum of that body. In essence, it means "a daisy chain of members the sum of whom

---

[3]*See, e.g.,* THE NEW OXFORD AMERICAN DICTIONARY 1063 (2001) (defining "meet" as to "come into the presence or company of (someone) by chance or arrangement").

constitute a quorum"[4] that meets for secret deliberations. Under this construction, "deliberations" as used in section 551.143 is consistent with its definition in section 551.001 because "meeting in numbers less than a quorum" describes a method of forming a quorum, and a quorum formed this way may hold deliberations like any other quorum, *see id.* § 551.001(2).

This construction is discernible from a plain reading of the provision. Moreover, because your alternative understanding of this phrase renders the provision fatally defective, and because it is contrary to the presumption that the legislature intended a result feasible of execution, we believe section 551.143's proper construction is the one we describe here. And, also important, our construction comports with past opinions from this office and judicial decisions that have addressed similar issues.

As a general matter, Texas civil courts, in construing the OMA, rely on the OMA's core purpose, which is to guarantee access to the actual decision-making process of governmental bodies. See *Esperanza Peace & Justice Ctr. v. City of San Antonio*, 316 F. Supp. 2d 433, 472 (W.D. Tex. 2001). As such, the civil courts construe the OMA's provisions liberally in favor of open government. *See id.* Furthermore, "[w]hen a majority of a public decisionmaking body is considering a pending issue, there can be no 'informal' discussion. There is either formal consideration of a matter in compliance with the Open Meetings Act or an illegal meeting." *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990).

With these as its guiding principles, the federal district court in *Esperanza* found that in a civil context "meeting in numbers less than a quorum for the purpose of secret deliberations" refers to a quorum or more of a body that attempts to avoid the OMA's purposes by deliberately meeting in numbers physically less than a quorum in closed sessions to discuss public business and then ratifying its actions in a physical gathering of the quorum in a subsequent sham public meeting. *See Esperanza*, 316 F. Supp. 2d at 473, 476; *accord Willmann v. City of San Antonio*, 123 S.W.3d 469, 478 (Tex. App.–San Antonio 2003, pet. denied); Tex. Att'y Gen. Op. No. JC-0307 (2000) at 8; Tex. Att'y Gen. LO-95-055, at 4; Tex. Att'y Gen. Op. No. DM-95 (1992) at 4; *see generally Hitt v. Mabry*, 687 S.W.2d 791, 794 (Tex. App.–San Antonio 1985, no writ). In *Esperanza*, San Antonio city council members passed around a consensus memorandum on the city's budget, which a number of council members equaling at least a quorum signed individually, and then adopted the budget reflected in the memorandum at an open meeting without discussing the memorandum's contents. The court concluded that the council's actions concerning the budget were void because they constituted a meeting held in violation of the OMA. *See Esperanza*, 316 F. Supp. 2d at 478; *see also* TEX. GOV'T CODE ANN. § 551.141 (Vernon 2004) ("An action taken by a governmental body in violation of this chapter is voidable.").

In direct consideration of section 551.143, this office has also relied on a definition similar to the one outlined here to conclude that a governmental body's actions in avoiding the technical

---

[4]Brief from Joseph R. Larsen, Attorney at Law, Ogden, Gibson, White, Broocks & Longoria, L.L.P., to Office of the Attorney General at 2 (Jan. 24, 2005) (filed on behalf of the Freedom of Information Foundation) (on file with Opinion Committee).

definitions of "meeting" and "deliberation" were nonetheless meetings under the OMA. *See generally* Tex. Att'y Gen. Op. Nos. JC-0307 (2000), DM-95 (1992); Tex. Att'y Gen. LO-95-055.

In Attorney General Opinion DM-95, this office considered whether members of a governmental body would violate section 551.143's statutory predecessor if they, without ever creating a physical quorum, signed a letter on matters relevant to public business and then did not meet to take action on the matters in open session. The opinion concluded that "the physical presence of a quorum in a single place at the same time is not always necessary for violation of [the OMA] to occur. Avoiding the technical definition of 'meeting' or 'deliberation' is not, therefore, a foolproof insulator from the effect of the act." Tex. Att'y Gen. Op. No. DM-95 (1992) at 5. Moreover, "it would appear the legislature intended expressly to reach deliberate evasions of these definitions in enacting section 4(b) [section 551.143's statutory predecessor] of the act." *Id.*; *accord* Tex. Att'y Gen. LO-95-055, at 3-4.

In Attorney General Opinion JC-0307, this office again considered section 551.143 and its proper construction. In that opinion, this office was asked whether a third party could violate section 551.143 by enticing members of a body to meet in numbers of less than a quorum for purposes of circumventing the OMA. Relevant to your question, this office, before considering the ultimate question in that opinion, considered whether a governmental body member could violate section 551.143 by enlisting a non-member to facilitate secret deliberations between members. *See* Tex. Att'y Gen. Op. No. JC-0307 (2000) at 4. The opinion, relying on DM-95, concluded that "[b]ecause the [OMA] has been construed to apply to situations in which members of a governmental body act as a body but are not in each other's physical presence," such a violation of section 551.143 was possible. *Id.*

Further, the federal district court in *Esperanza* and the Texas appellate court in *Willmann v. City of San Antonio* relied on these attorney general opinions to hold that in the civil context the OMA is applicable to a governmental body that takes action without a public meeting, even though it avoids the technical definitions of "meeting" and "deliberation." *See Esperanza*, 316 F. Supp. 2d at 473; *Willmann*, 123 S.W.3d at 479. And though neither opinion construed section 551.143 in a criminal context, both concluded that "'it would appear that the legislature intended expressly to reach deliberate evasions of these definitions in enacting [section 551.143].'" *Willmann*, 123 S.W.3d at 479 (quoting Tex. Att'y Gen. Op. No. DM-95 (1992) at 5); *Esperanza*, 316 F. Supp. 2d at 473 (quoting Tex. Att'y Gen. LO-95-055, at 4). These courts' construction of "meeting in numbers less than a quorum" as applying to, for example, a "walking quorum"[5] is consistent with our construction and is consistent with the OMA's definition of "meeting" and "deliberation."

Returning to your hypothetical, you ask that we apply section 551.143 to the following hypothetical situation:

> Commissioner A makes successive telephone calls to Commissioner B and the County Judge. During these conversations Commissioner

---

[5]*See Willmann*, 123 S.W.3d at 478.

> A discusses a matter which has already been posted for the next regularly scheduled Commissioners' Court meeting and urges either directly or impliedly that Commissioner B and the County Judge vote in a certain way.

Request Letter, *supra* note 1, at 3. Generally, three members of the commissioners court constitute a quorum, *see* TEX. LOC. GOV'T CODE ANN. § 81.006(a) (Vernon 1999), and we assume that in this opinion the hypothetical county commissioners and county judge would constitute a quorum.

On the hypothetical's face, without more, we would not be able to answer your question conclusively. Commissioner A appears to violate the statute because he seems to be operating with the requisite culpable mental state and is in fact meeting with a quorum of the commissioners court to secretly discuss public matters. However, proof of his culpable mental state is a fact question the resolution of which is not appropriate to the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10. Furthermore, whether Commissioner B and the County Judge committed a crime is likewise a fact question dependent on proof of their culpable mental state, and the facts described on the face of this hypothetical are insufficient for us to determine as a matter of law that Commissioner B or the County Judge has violated the statute.

You ask us, nevertheless, to assume that the commissioners and county judge knowingly conspired to circumvent the OMA. *See* Request Letter, *supra* note 1, at 3. Based on such assumptions, because they, in effect, achieved a quorum and held secret deliberations with the intent to avoid an open meeting, Commissioner A, Commissioner B, and the County Judge appear to have violated section 551.143. *Cf. Harris County Emergency Serv. Dist. No. 1 v. Harris County Emergency Corps*, 999 S.W.2d 163, 169 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (no evidence that the members were attempting to circumvent the OMA by using telephone to avoid a quorum).

### B.    Section 551.143's Constitutionality

You also ask whether section 551.143 is unconstitutionally vague on its face. *See* Request Letter, *supra* note 1, at 3. Generally, the void-for-vagueness doctrine "requires that a penal statute define the criminal offense with such definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted). Still, "[a] provision need not . . . be cast in terms that are mathematically precise; it need only give fair warning of the conduct prescribed, in light of common understanding and practices." *State v. Garcia*, 823 S.W.2d 793, 798 (Tex. App.–San Antonio 1992, writ ref'd). And while the doctrine speaks in terms of actual notice to citizens, its important aspect is "the requirement that a legislature establish minimal guidelines to govern law enforcement." *Kolender*, 461 U.S. at 358. (citations omitted). A court, moreover, must evaluate a facial challenge to a state law by "consider[ing] any limiting construction that a state court or enforcement agency has proffered." *Id.* at 355 (citations and internal quotes omitted).

Here, the activity made illegal by section 551.143 is quite definite on its face. The Penal Code's definition of "knowingly" applies to section 551.143 because the OMA does not provide a definition of this culpable mental state. *See* TEX. PEN. CODE ANN. § 1.03(b) (Vernon 2003). Penal Code section 6.03(b) states that

> [a] person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

*Id.* § 6.03(b); *see also Tovar v. State,* 978 S.W.2d 584, 586-87 (construing "knowingly" in the context of Government Code section 551.144). And "meeting in numbers less than a quorum for the purpose of secret deliberations" has been understood by civil courts and this office to apply to members of a governmental body who gather in numbers that do not physically constitute a quorum at any one time but who, through successive gatherings, secretly discuss a public matter with a quorum of that body. *See supra* pp. 3-6.

Because section 551.143's meaning is plain, it provides adequate notice and does not allow for arbitrary enforcement. Consequently, we conclude that this section is not unconstitutionally vague.

### S U M M A R Y

Members of a governmental body who knowingly conspire to gather in numbers that do not physically constitute a quorum at any one time but who through successive gatherings secretly discuss a public matter with a quorum of that body violate section 551.143 of the Open Meetings Act. This section is not on its face void for vagueness.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee