ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 13, 2011

Mr. Don Sloan, President
Bandera County River Authority
   and Groundwater District
Post Office Box 177
Bandera, Texas 78003

Opinion No. GA-0896

Re: Whether certain kinds of electronic communication among members of the board of directors of a river authority constitute a violation of the Open Meetings Act, chapter 551 of the Government Code (RQ-0977-GA)

Dear Mr. Sloan:

You ask "when, and to what extent, might e-mail or other electronic communications rise to the potential of a violation of the Texas Open Meetings Act, or in particular, constitute a 'walking quorum.'"[1] You explain that the Bandera County River Authority and Groundwater District (the "District") is "concerned about three categories of electronic communications": First, e-mail disseminated among a quorum of the District's Board of Directors (the "Board"); second, e-mail sent to less than a quorum of the Board and copied to the District's general manager, who does not know whether the e-mail was sent to other Board members; and third, messages sent by a Board member to an internet-based group whose members are unknown to the District. Request Letter at 1. Your letter includes copies of many messages that might fall within one or more of the three categories you describe. Id. at 1 (tabs 3–12). You write that the District is concerned that some of the Board members' electronic communications might violate the Act, and you want our "opinion as to the appropriateness" of the communications. Id. at 2. However, the "District recognizes that this may be [a] very difficult issue [on which] to render opinions based upon the number of unknowns." Id. at 2. Indeed, this office cannot resolve questions of fact. Tex. Att'y Gen. Op. No. GA-0751 (2009) at 1. Therefore, we cannot resolve the many factual questions surrounding the messages you ask about in your letter. Id. Instead, we will give you general legal guidance on your questions.

---

[1]Letter from Mr. Don Sloan, President, Bandera County River Authority and Groundwater District, to Honorable Greg Abbott, Attorney General of Texas at 1 (June 9, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter") (with attachments, tabs 3 through 12). We limit this opinion to the question you ask about the Open Meetings Act (the "Act") and presume, as a Texas court would, that the Act is constitutional. See Tex. Att'y Gen. Op. No. GA-0890 (2011) at 1, n.1 (citing section 311.021(1) of the Government Code, providing that it is presumed that laws are constitutional); Nootsie Ltd. v. Williamson Cnty. Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996) (presuming that a statute is constitutional)).

We begin by reviewing the Act. "Every regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (West 2004). The Board is a "governmental body." *See id.* § 551.001(3)(H) (West. Supp. 2011) (providing that the governing board of a special district created by law is a governmental body). *See also* Act of May 31, 1971, 62d Leg., R.S., ch. 629, § 1, 1971 Tex. Gen. Laws 2045, 2045 (creating the District). Therefore, the Act apples to the Board. The Act defines a "meeting" as

> a deliberation between a quorum of a governmental body, or between
> a quorum of a governmental body and another person, during which
> public business or public policy over which the governmental body
> has supervision or control is discussed or considered or during which
> the governmental body takes formal action; . . .

TEX. GOV'T CODE ANN. § 551.001(4)(A) (West. Supp. 2011). A "deliberation" is a "verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2). The Act does not define a "walking quorum." *See generally id.* § 551.001. However, a Texas appellate court has defined the term to mean "serial meetings of less than a quorum." *Willmann v. City of San Antonio*, 123 S.W.3d 469, 478 (Tex. App.—San Antonio 2003, pet. denied). *See also Esperanza Peace & Justice Ctr. v. City of San Antonio*, 316 F. Supp. 2d 433, 474 (W.D. Tex. 2001) (describing the term as "an overlapping series of meetings or telephone conferences [when] a quorum of members was not in the same room at the same time").

Although the Act applies to a "verbal exchange" involving a quorum of the governmental body, the Act does not provide that the words exchanged must be spoken in person. TEX. GOV'T CODE ANN. § 551.001(4) (West. Supp. 2011). *See also* Tex. Att'y Gen. Op. No. JC-0307 (2000) at 5–6 (explaining that the word "verbally" usually describes the expression of something in words generally rather than the expression of something in spoken words only). Indeed, members of a governmental body need not be in each other's physical presence to constitute a quorum. Tex. Att'y Gen. Op. Nos. GA-0326 (2005) at 3, JC-0307 (2000) at 4, DM-95 (1992) at 5. *See also Esperanza Peace & Justice Ctr.*, 316 F. Supp. 2d at 473 (indicating that the court of appeals in *Hitt v. Mabry*, 687 S.W.2d 791, 796 (Tex. App.—San Antonio, no writ), found that members of a governmental body need not be in each other's physical presence to constitute a quorum), *Willmann*, 123 S.W.3d at 476–77 (same). *See also* TEX. GOV'T CODE ANN. §§ 551.125, .127 (West 2004) (providing that a governmental body is not prohibited from holding a "meeting" by telephone and video, respectively, and that such a meeting must comply with the "notice requirements applicable to other meetings"). Therefore, based on the plain language of the Act, Texas court opinions, and prior opinions of this office, we conclude that electronic communications could, depending on the facts of a particular case, constitute a deliberation and a meeting that must comply with the Act. *See* Tex. Att'y Gen. Op. No. JC-0307 (2000) at 5–6 (declining to opine that the word "deliberation" in section 551.001(2) refers only to spoken words because, if it did, members of a governmental body could avoid the Act's requirements by using e-mail).

      We have not determined whether the electronic communications you include in your request constitute a deliberation for purposes of the Act. Attempting to make that determination would require the consideration of fact questions, which we cannot do in the opinion process. Tex. Att'y Gen. Op. No. GA-0751 (2009) at 1. Nor have we determined whether the members who disseminated the electronic communications violated the Act. Attempting to make that determination would require an inquiry into their respective states of mind. *See* TEX. GOV'T CODE ANN. § 551.143(a) (West 2004) (prohibiting members of a governmental body from "knowingly" conspiring to circumvent the Act by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of the Act); *id.* § 551.144(a) (prohibiting a member of a governmental body from "knowingly" calling or participating in a closed meeting that is not permitted under the Act). Instead, we conclude that the fact that communications are electronic does not render them free from the Act's requirements.

## S U M M A R Y

Electronic communications could, depending on the facts of a particular case, constitute a deliberation and a meeting for purposes of the Texas Open Meetings Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee